STATE of Missouri, Respondent,

v.

Ulysses HARRIS, Appellant.

No. 56543.

Supreme Court of Missouri,
Division No. 2.

Oct. 9, 1972.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

Daniel P. Reardon, Jr., St. Louis, for appellant.

STOCKARD, Commissioner.

This is an appeal from a ten year sentence, imposed under the Second Offender Act, following a jury verdict wherein Ulysses Harris was found guilty of the illegal possession of heroin. The notice of appeal was filed prior to January 1, 1972, and therefore appellate jurisdiction is in this court.

The only contention on this appeal is that "The [trial] court erred in failing to grant defendant's motion for a new trial by reason that the jury's verdict was contrary to the evidence."

■ A trial court may grant a new trial "When the verdict is contrary to the * * * evidence". Rule 27.19(5), V.A. M.R. However, on appeal the court does not weigh the evidence, and an appellate court is limited to the determination of whether a submissible case was made. We shall consider this point by appellant as presenting that issue.

On January 2, 1970, four members of the Special Operation Deployment Division of the St. Louis Metropolitan Police Department were seated in an automobile at the corner of Delmar and Newstead, and had appellant's place of residence under surveillance. They observed appellant leave the house and walk toward the street. The officers drove their automobile across the street to the driveway of a service station, and then left their automobile and approached appellant who turned and began to walk back toward his residence.

Police Officer Robert Nichols testified that he was the first one to leave the police automobile, and that he saw appellant "drop two bottles to the ground from his right hand" which he later recovered. Subsequent examination established that the contents of one of the bottles was heroin.

Appellant argues that the testimony of Officer Nichols was "impeached in all of its more prominent features" and for that reason was insufficient to sustain the verdict. Appellant points out that two of the four officers testified that they did not see appellant throw anything to the ground, and that the third officer, Officer Moore, testified only that he saw appellant make a motion with his arm. However, the testimony of Officer Moore was more than that. He stated that as he approached appellant "I saw him apparently drop something to the ground. I saw the motion of his arm."

■■ In determining the sufficiency of the evidence in a criminal case, this court accepts all evidence tending to support the verdict, whether such evidence is circumstantial or direct in nature, together with all favorable inferences reasonably to be drawn therefrom, and disregards all contrary evidence and inferences. State v. Reed, Mo., 453 S.W.2d 946. It is for the jury to judge the credibility of the witnesses. When so considered, the evidence in

this case is sufficient to sustain the verdict.

Appellant cites State v. Prendible, 165 Mo. 329, 65 S.W. 559; State v. Gregory, 339 Mo. 133, 96 S.W.2d 47; and State v. Huff, 161 Mo. 459, 61 S.W. 900, 1104. These cases are not in point. The Prendible case involved the use of perjured testimony. In the Gregory and Huff cases the testimony was considered insufficient to sustain a verdict by reason of prior inconsistent statements by the witnesses directly in conflict with their in-court testimony. We do not consider the testimony of the four police officers to be conflicting, much less destructive of the testimony of Officer Nichols.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.