STATE of Missouri, Respondent,

v.

Edmund Joseph BRYSON, Appellant.

No. 56981.

Supreme Court of Missouri,
Division No. 1.

March 11, 1974.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Donald L. Schmidt, and Christopher Hexter, for appellant, Legal Aid Society of St. Louis, St. Louis.

BARDGETT, Presiding Judge.

Defendant-appellant, Edmund Joseph Bryson, was found guilty by a jury of the felony of illegal possession of stimulant drugs. Secs. 195.240 and 195.270, RSMo 1969, V.A.M.S. The court, pursuant to the second offender act, Sec. 556.280, RSMo 1969, V.A.M.S., sentenced defendant to seven years' imprisonment. Defendant's notice of appeal was filed prior to January 1, 1972. This court has jurisdiction. Mo. Const., Art. V, Sec. 31(4), V.A.M.S.

Defendant's point IV is that the evidence was insufficient to support a verdict of guilty. This point is directed particularly to the question of whether or not there was evidence sufficient to support a jury finding that the defendant was in possession of the stimulant drugs. The drug was methamphetamine hydrochloride.

The evidence relative to this point was as follows. At about 11:00 p. m. on November 12, 1970, seven or eight police officers went to a two-story apartment building at the address of 1032 Russell in St. Louis, Missouri, for the purpose of either arresting defendant or conducting an investigation relative to information they had received that defendant had some illegal drugs·in his possession. The defendant was believed to be in the second-floor apartment at 1032a Russell.

Detectives Stolte and Ruediger went to the door of the second-floor apartment and knocked on the door. A voice from inside answered and Stolte said, "Police officers, open the door." He heard a scuffling noise from inside the apartment. Other officers stationed themselves at various places around the building. Detectives Schnarre, Marbs, and Vaughn were located on the 10th street sidewalk on the east side of the building. The area was sufficiently illuminated by a street light across from the apartment building. Det. Schnarre testified he saw a second-floor window open and saw the defendant lean out of that window and throw an object upwards. It hit the top of the window and then fell to the sidewalk about five or six feet from Det. Schnarre. It looked like a brown paper bag. Det. Vaughn picked it up and opened it, revealing a plastic vial and a plastic syringe with a needle.

Det. Vaughn was located on the 10th street sidewalk. He heard a window open, saw an object falling to the pavement, and picked it up. He opened the brown paper and found a plastic syringe with a needle and some tablets soaking in a yellow watery substance. Vaughn had specific training in identifying drugs and had identified desoxyn hundreds of times by sight. He testified that the vial contained desoxyn. Vaughn told the other officers that desoxyn had been thrown out the window. The vial was later turned over to the police laboratory personnel and identified in court as containing methamphetamine hydrochloride.

Det. Marbs was also located on the 10th street side of the building. He testified he saw the defendant lean out the window and throw an object upward. It hit the window and fell to the ground. The object

was recovered by Det. Vaughn who opened it and said it contained desoxyn. Det. Marbs then went to the door of the second-floor apartment and informed Detectives Stolte and Ruediger what had happened.

Det. Stolte testified that Marbs informed him "that the subject, Mickey Bryson had thrown an outfit and some desoxyn on the east side of the building."

Detectives Stolte and Ruediger then knocked on the door again. There was no response, so Det. Ruediger forced the door open and they went in. Det. Stolte saw the defendant, whom he had known for about a year, and arrested him for illegal possession of a stimulant drug.

■ Defendant points out certain conflicts in the testimony of the various officers concerning their purpose in going to 1032a Russell—to investigate or to arrest; whether the object thrown from the window was a brown paper bag or a vial; the improbability of a person being able to identify another at nighttime; the presence of others in the apartment who could have been the owner of the object thrown from the window.

Defendant's argument is an attack upon the credibility of the state's witnesses and that was a matter for the jury to determine. State v. Harris, 485 S.W.2d 612, 613 (Mo.1973). On appeal the evidence must be viewed in the light most favorable to the verdict. There was sufficient evidence to support a guilty verdict. The point is overruled.

Defendant's points IA, IB, II, and III are:

"I. The trial court erred in denying appellant's motion to suppress evidence, because the warrantless arrest and search violated appellant's rights to be free from 'unreasonable searches and seizures' under the Fourth Amendment to the United States Constitution and Article I, Section 15 of the Missouri Constitution. A. The warrantless, forcible entry of Appellant's brother's home and subsequent warrantless arrest of Appellant, absent exigent circumstances, violated Appellant's right to be free from unreasonable searches and seizures. B. The warrantless search of the brown paper package and subsequent seizure of the drugs contained therein violated Appellant's right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution.

"II. The threat of an illegal search which caused appellant allegedly to throw some drugs out of the window resulted in a seizure of the drugs in violation of the Fourth Amendment to the United States Constitution.

"III. The package containing the vial of drugs, which was admitted into evidence, was seized from a constitutionally protected area."

■ On December 30, 1970, defendant filed a motion to suppress as evidence the methamphetamine hydrochloride that the police seized in the manner set forth supra on the grounds that the officers had no search warrant and the officers had no probable cause to believe defendant had committed a felony; that the arrest, search, and seizure were in violation of Mo.Const., Art. I, Sec. 15, and the U. S. Const., Amends. 4, 5, and 14.

The motion was heard and overruled on January 14, 1971, by the Hon. Harold Satz. The trial was held February 2–4, 1971, before Hon. Michael Scott and there were no objections made to the admission into evidence of the objects and substance that the police claimed to have been thrown from the window by the defendant on any constitutional grounds. The only objection defendant made to the syringe and tablets was that they (more precisely "the tablets") had not been identified as a stimulant drug, which was properly overruled.

In State v. Simone, 416 S.W.2d 96, 100 (Mo.1967), the court held: "In the event the trial court rules on the motion to sup-

press adversely to defendant's position, and if the evidence claimed to have been unlawfully seized is subsequently offered in evidence at the trial, *defendant must then object to the admission of the evidence with a proper statement of the reasons for that objection,* and also present the matter in his motion for new trial and brief the issue on appeal in order to preserve the issue for appellate review." (emphasis added.)

In addition to not objecting to the evidence at trial, defendant failed to present the matter in his motion for new trial. The only allegations in the motion for new trial relating to the motion to suppress or to the admissibility of the tablets were that the court erred in overruling the motion to suppress "for there was no direct evidence linking defendant to said evidence, to wit: the Drug" and that the court erred in admitting the vial of drugs and the needle and syringe, in evidence on the grounds that there was no evidence that the drug was stimulating nor that it was on the list of proscribed drugs.

This case demonstrates the soundness of the rule enunciated in State v. Simone, *supra.* Here the motion to suppress was heard and decided by a circuit judge who did not preside over the trial. The judge presiding over the trial would not necessarily know what transpired at the hearing on the motion to suppress nor would he know with any degree of particularity what items of evidence were the subject of the motion. The hearing of pretrial motions by a judge who does not preside at the trial itself occurs frequently in multiple-judge circuits and also occurs when a motion for change of judge is filed and granted in other circuits after the motion to suppress has been heard and decided. Additionally, trial strategy can account for not objecting to some items of evidence at the trial. In any event, the judge presiding at the trial must at least be informed of a party's objection to evidence at trial before an alleged error stemming from the admission of the same can be considered on appeal. To hold otherwise would be to allow a party to sit idly by while evidence was admitted, take his chances with a jury, and then if he loses to bring up a matter for the first time on appeal that had never been presented to the trial judge. This is simply not conducive to an orderly system of justice and is not acceptable.

Points IA and B, II, and III have not been preserved for appeal and, therefore, will not be reviewed in the ordinary manner.

Defendant requests that these points be considered by the court as plain error under rule 27.20(c), V.A.M.R. The court declines to do so as it is apparent that there was no unlawful search and seizure nor that any manifest injustice or miscarriage of justice has occurred.

Defendant's point V is: "All evidence seized at the time of appellant's arrest should be suppressed as a consequence of the officers' failure to announce the purpose of their entry prior to knocking down the door of the appellant's brother's apartment."

■ In support of this point, defendant relies on Sec. 544.200, RSMo 1969, V.A.M.S., which provides: "To make an arrest in criminal actions, the officer may break open any outer or inner door or window of a dwelling house or other building, or any other enclosure, if, after notice of his office and purpose, he be refused admittance."

Defendant cites Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 20 L.Ed.2d 1332 (1958), in support of this point. In *Miller* the United States Supreme Court considered a statute of the District of Columbia which is essentially similar to Sec. 544.20, RSMo 1969, V.A.M.S., and held that evidence which was seized pursuant to and following the arrest was not admissible because the arrest was invalid. The invalidity of the arrest was based upon the officer's noncompliance with the requirement that he announce his purpose before break-

ing into the dwelling. The decision is based upon noncompliance with a statute and not upon constitutional grounds. Furthermore, in a pretrial motion, the defendant in *Miller* moved to suppress the evidence seized pursuant to and following the arrest and renewed the motion before the trial judge. 357 U.S. at 311, fn. 11, 78 S. Ct. 1190.

In the instant case, defendant did not move to suppress the evidence on the grounds that the arrest was invalid because the officers failed to announce their purpose as is required by Sec. 544.200, nor was any such objection made at trial nor was this point asserted in defendant's motion for new trial. The point is not preserved for review.

■ Nevertheless, it would appear that a few additional words are in order. The purpose of contesting the validity of the arrest in this case was to have evidence suppressed. In this case the evidence was not seized or recovered pursuant to or following the arrest. It was picked up from a public sidewalk prior to the arrest and the fact that it was thrown out of the window onto the sidewalk by the defendant was known to the arresting officers prior to the entry into the appartment and the arrest of defendant. The court does not suggest that the arrest here was invalid under all of the circumstances obtaining, but simply holds that regardless of the validity of the arrest, the drugs recovered from the sidewalk were admissible as they were not seized pursuant to a search incident to an arrest.

Defendant's points VI and VII are:

"Although appellant does not have a constitutional right to an appeal per se, once the State of Missouri grants him the right to appeal by statute, both the equal protection and due process clauses of the United States Constitution guarantee that certain rights accrue to him" and "When appellant has in good faith attempted to obtain the transcript of the trial proceedings and through no fault of appellant the records have been lost or destroyed, the Missouri Supreme Court must vacate the judgment of the trial court."

■ These two points are directed to the lack of a transcript of the proceedings on defendant's motion to suppress. The court reporter who took the testimony on the motion to suppress was no longer available to furnish a transcript of that proceeding. However, that court reporter was called as a witness for defendant in the trial of this case and testified from his notes taken at the motion to suppress as to the testimony given on that motion by the police officers. This evidence was offered by the defendant and received in evidence to contradict the trial testimony of the same officers and is part of the transcript filed in this case.

As stated supra, the points relating to the motion to suppress were not preserved for appeal. Consequently, the absence of a complete transcript of the hearing on the motion to suppress is immaterial. Appellant was present at the motion to suppress. If there were something that would be contained in the transcript of the motion to suppress bearing on the plain error claim, appellant should be able to give the court some inkling of what it is, even without the transcript, which he fails to do. These points are overruled.

Judgment affirmed.

All of the Judges concur.