**STATE of Missouri, Respondent,**

**v.**

**Clarence Willet McCAULEY, Appellant.**

**No. KCD 26814.**

Missouri Court of Appeals,
Kansas City District.

March 31, 1975.

William E. Shull, Duncan & Russell, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Ellen S. Roper, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

The defendant appeals from a jury-tried conviction upon an information charging him with having unlawfully, intentionally and feloniously under his control, marijuana, a controlled substance statutorily defined as *Cannabis sativa*. The jury assessed defendant's punishment at a fine and one year's confinement in the Daviess County jail. The defendant filed a timely motion for new trial and a timely appeal.

The defendant was arrested on August 19, 1972, in Daviess County. The arresting highway patrolmen observed the defendant and another man drive onto the farm where the officers were hidden in a barn loft. The defendant, the passenger, and the cohort, the driver, emerged from the car and pulled out a tarpaulin from underneath a nearby tree. The car was placed behind a fence row where it was not readily visible from the road. The two men then proceeded to wrap their thumbs and forefingers in adhesive tape that they had brought with them. They then began to pick up stalks of marijuana which were lying on the ground in the area and strip the leaves from the stalks onto the tarpaulin which they had laid out near their car. The men spent twenty minutes stripping the leaves from the stalks onto the tarpaulin. When they had finished, they folded the leaf-filled tarpaulin and placed it underneath the tree. The defendant and his cohort were arrested as they began to drive away.

The defendant's first point on this appeal is that the trial court erred in failing to grant the defendant's motion for judgment of acquittal at the close of the State's evidence and at the close of the case because there was not sufficient evidence that the defendant had the marijuana under his control.

In considering this point, all favorable inferences from the evidence will be drawn to support the verdict. State v. Bryson, 506 S.W.2d 358 (Mo.1974).

In support of his position that the evidence is legally insufficient to establish control by the defendant, the defendant re-

lies on several cases involving the possession of intoxicating liquors during that time in our history when the possession of liquor was prohibited. The gist of those cases is that to sustain a conviction for possession of the liquor, the evidence must show more than a "fleeting and shadowy" control. State v. Lane, 221 Mo.App. 148, 297 S.W. 708 (1927); State v. Lunfrunk, 279 S.W. 733 (Mo.App.1926); State v. Williams, 117 Or. 238, 243 P. 563 (1926). In those cases where the conviction was reversed, the defendant had only had physical possession of the liquor for the limited time and purpose of taking one drink from the bottle before passing it to a friend. There was no evidence in those cases that the defendant assumed any dominion, management, or continuing use over the bottle. In each of those cases, the defendant only physically controlled the prohibited liquor for as long as it took to take a drink from the bottle.

■ However, in the *instant* case, the defendant physically controlled the marijuana for at least twenty minutes. The officers' testimony established that the defendant spent about one minute stripping each stalk of its leaves, but he took twenty minutes in all to strip all the stalks.

The issue of possession need not and should not rest on the length of time in order to sustain the jury's finding of possession and control. The nature of the possession is also important. The inescapable inference here is that the defendant and his cohort were engaged in preparing the marijuana for consumption. The defendant and his cohort went directly to the dried stalks and began the stripping. They came prepared with adhesive tape to protect their hands. The placing of the stripped leaves in the tarpaulin and their enclosure therein to protect from sight and the elements all demonstrate more than an idle picking up of a noxious weed. The acts in toto give flesh and substance to the possession.

Viewing the totality of the circumstances, the "liquor" case analogy by the defendant is not factually similar enough to support his argument that the control by this defendant was "fleeting and shadowy."

Indeed, the facts in the cases which the defendant cites in support of his argument are not in his favor. In *Lunfrunk,* supra, the court said, in finding possession and control by the defendant, "All of the defendants exercised dominion over the whiskey, each one of them drank from the jar." Also, the defendant erroneously cites State v. McAllister, 187 N.C. 400, 121 S.E. 739 (1924), in support of his "liquor" case analogy. The only evidence presented to the trial court in *McAllister,* supra, was that the defendant was seen to take a drink from a bottle of liquor passed to him by a friend, and then the defendant returned the bottle to his friend. The court upheld the conviction for possession of the liquor on that evidence alone.

In State v. Bryson, supra, the only direct evidence of the actual physical possession by the defendant were observations by the arresting officers who saw the defendant open a window in his apartment and throw out the controlled substance, for which he was arrested. On the authority of *Bryson,* the evidence and the favorable inferences are sufficient to sustain the conviction.

Plaintiff's second point of appeal is that the court erred in submitting Instruction No. 1, because that instruction allowed the jury to convict the defendant without first finding that the substance in the defendant's control was actually the drug known as marijuana, and because the defendant failed to negative the statutory exception as to lawful possession.

■ The defendant did not raise these points in his motion for new trial. They are not, therefore, properly before this court for appellate review. State v. Carr, 499 S.W.2d 788 (Mo.1973).

■ In any event, the jury could not have been misled as to the nature of the

substance possessed, there being no question but what the proof showed that it was *Cannabis sativa,* "known as marijuana." Likewise, the burden is on the defendant to prove that the acts of the defendant fall within the exceptions of the statute. Section 195.180 RSMo 1969, V.A.M.S.; State v. Virdure, 371 S.W.2d 196 (Mo.1963); State v. McAllister, 468 S.W.2d 27, 29–30 (Mo.1971).

The judgment is affirmed.

All concur.