**STATE of Missouri, Respondent,**

v.

**Jack Lee HUNTER, Appellant.**

**No. KCD 27707.**

Missouri Court of Appeals,
Kansas City District.

Nov. 3, 1975.

Motion for Rehearing and/or Transfer
Denied Dec. 8, 1975.

Thomas M. Larson, Public Defender, Sixteenth Judicial Circuit, Douglas N. Merritt, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Andrew Rothschild, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

The appellant, Jack Lee Hunter, having been charged by information with the crime of carrying a concealed weapon, waived a jury trial, was tried to the court sitting without a jury, and was found guilty. Defendant was sentenced to serve five years in the Missouri Department of Corrections. This timely and direct appeal raises a single issue of claimed unlawful search.

At the trial, it was shown that on the morning of February 25, 1974, police officer Tom Noel of the Kansas City, Missouri, Police Department entered Willie's Tavern at 7140 Prospect, walked over to where Hunter was seated, and advised him that he was under arrest for fraud. Hunter was asked to stand up, which he did, was placed in a wall search position, and was patted down. The officer, in searching Hunter for weapons, found and removed a loaded .38 caliber revolver from the right front pocket.

Prior to the pat-down, there was no weapon in plain view, nor did the officer know that Hunter was carrying a revolver. The defendant did not testify and presented no evidence.

The defendant's single point on appeal is that the court erred in admitting the revolver into evidence because it had been found in a search incident to an illegal arrest. Prior to the trial, defendant filed a motion to suppress the revolver, claiming that he had been arrested at Willie's Tavern on February 25, 1974, without a warrant and without probable cause, that the arrest was therefore illegal, and that the fruits of the subsequent search incident to this illegal arrest should be suppressed. This motion was heard in another Division by another judge. After hearing evidence on the motion, it was overruled by the court. The statement of facts in both briefs refers to evidence taken on this motion. At the request of the defendant, such a transcript was, after the trial, ordered by the judge who heard the trial. The transcript discloses it was to be separately filed, but this has not been done. The failure to file the supplemental transcript is not critical since the issue presented cannot be reached on the merits.

■■ During the trial, the prosecuting attorney had the revolver and the bullets therefrom marked for identification as State's Exhibits 1 and 2, respectively. These exhibits were then identified by the arresting officer as the revolver and the bullets taken from appellant in Willie's Tavern on February 25, 1974. When the prosecutor offered these exhibits into evidence, defense counsel stated that he had no objection to them, and they were duly received into evidence by the trial judge hearing the case. It is the settled rule of procedure in Missouri that to keep alive the issue of the improper search and seizure, an objection must be made when the evidence is offered. *State v. Thompson*, 490 S.W.2d 50 (Mo.1973); *State v. Yowell*, 513 S.W.2d 397 (Mo. banc 1974). Notably, this case falls within the reasoning of the Supreme Court in *Yowell*, based on *State v. Bryson*, 506 S.W.2d 358, 361 (Mo.1974), for here, as in *Bryson*, the trial judge hearing the evidence had not heard the motion nor the evidence in support.[1]

Here, however, not only was there a failure to object to the revolver and bullets when offered into evidence, but also defense counsel affirmatively stated that he had no objection to them. The admission into evidence of items claimed to be unlawfully seized cannot form the basis for invalidating a criminal trial when the defendant affirmatively stated that he had no objection to the admission into evidence of such items. The statement of, "No objection," by defense counsel when the allegedly illegally seized revolver and bullets were offered into evidence constituted an express waiver of the contentions made in the motion to suppress and was a waiver of any error on the part of the trial court in refusing to suppress the evidence. *State v. Simone*, 416 S.W.2d 96 (Mo.1967); *State v. Holbert*, 416 S.W.2d 129 (Mo.1967), reversed on other grounds; *State v. Holt*, 415 S.W.2d 761 (Mo.1967). There was a colloquy between defense counsel and the court after the trial that indicates there may have been some discussion in chambers regarding the prior ruling on the motion to suppress. The record does not indicate *when* this occurred, and it cannot affect the plain waiver contained in the trial transcript.

The judgment and conviction are affirmed.

All concur.

---

1. The fact that a Federal District Court opinion [See *Yowell v. Wyrick*, 387 F.Supp. 421 (Western Dist. Mo.1975)] holds that the Missouri rule of procedure cannot deprive the Federal courts of the power of review of the constitutional issue does not change this court's obligation to follow the last controlling decision of the Missouri Supreme Court. Mo. Constitution, Art. 5, § 2.