STATE of Missouri, Respondent,

v.

Frank HARRELSON, Appellant.

No. KCD 27834.

Missouri Court of Appeals,
Kansas City District.

Aug. 2, 1976.

Motion for Rehearing and/or Transfer
Denied Oct. 12, 1976.

Application to Transfer Denied
Dec. 13, 1976.

Austin F. Shute, Ronald J. Stites, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Nanette Laughrey, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Frank Harrelson was convicted by a jury on two counts of possession of a controlled substance, Section 195.017, RSMo 1969, as amended by Laws 1971. The jury could not agree on the punishment, so the court imposed sentence at five years on each count to run concurrently.

On this appeal, Harrelson contends the search warrant by which the officers found a large quantity of marihuana and amphetamines in his dwelling was invalid because it was based on false affidavits and because of the refusal of the officers to reveal the identity of the informant upon whose information the officers based their affidavits. Finding Harrelson has waived these objections, the judgment is affirmed.

Pursuant to a search warrant, officers of the Independence, Missouri Police Department went to the dwelling of Harrelson. On being admitted by Harrelson, the officers found and seized a large quantity of marihuana and a number of amphetamine tablets.

On a pre-trial motion to suppress the search warrant, it was revealed the officers received information concerning the fact

Harrelson was in possession of these controlled substances from an informer. On the hearing of this motion, Harrelson's counsel sought to determine the identity of the informer but the court sustained the State's objections to this line of questioning and ruled the officers did not have to reveal the name. The court overruled the motion to suppress.

At the trial, the State had a large number of packages containing marihuana and boxes containing the amphetamine tablets. While the State was having these items identified, Harrelson's counsel interrupted. After being assured by the detective who was identifying the items that the grocery cart full of items were found at the Harrelson dwelling, and that they contained marihuana and amphetamines, counsel stated: "We'll stipulate everything into evidence as a quantity of marihuana and amphetamine tablets found by this officer." The State proceeded, however, to have the items identified and when such items were then offered into evidence, Harrelson's counsel stated: "Your Honor, an offer has been made of all these exhibits into evidence. We would stipulate all of them into evidence . . ." Counsel then objected to a set of scales, some empty plastic bags, a copy of the Physician's Desk Book, and a writing tablet. The objection of these items was on the basis of relevancy and not on the basis of any objection to the search warrant.

During the course of the trial, the fact an informer had been involved was never mentioned and no effort was made on the part of Harrelson's counsel to request the court to require the State to divulge the identity of such informer.

Not only did counsel stipulate all of the drugs seized in the search could be admitted into evidence, he further stipulated the items seized and introduced in evidence did in fact contain marihuana and amphetamines without the necessity of the State calling a chemist to prove their chemical composition. Again, the State preferred to call the chemist rather than rely on such stipulation.

■ It is beyond question in this State "that to keep alive the issue of the improper search and seizure, an objection must be made when the evidence is offered." *State v. Hunter,* 530 S.W.2d 432, 433[1, 2] (Mo. App.1974). See also *State v. Yowell,* 513 S.W.2d 397 (Mo. banc 1974). Here Harrelson not only failed to make any objection when the drugs were introduced into evidence, but affirmatively stated he would stipulate such drugs could be admitted. This brings this case squarely within the rule stated in *Hunter* that such action "constituted an express waiver of the contentions made in the motion to suppress and was a waiver of any error on the part of the trial court in refusing to suppress the evidence." 530 S.W.2d 433.

■ In this case it must be held Harrelson waived any objection he had to any error on the part of the court in overruling the motion to suppress when he affirmatively stipulated the drugs seized under the warrant could be admitted into evidence. This waiver extended as well to the action of the trial court in refusing to require the State to divulge the identity of the informer. That issue went only to the grounds for obtaining the warrant and was thus directed solely at the validity of the search warrant, thus the question of identity is not a viable issue.

Because the only grounds urged on this appeal were waived by stipulating the drugs seized under the warrant could be admitted in evidence, the judgment is affirmed.

All concur.

## ON REHEARING

### PER CURIAM.

Harrelson has filed a motion for rehearing, or in the alternative to transfer to the Supreme Court. In this motion he concedes the opinion correctly states that by stipulating the marihuana seized under the warrant could be received in evidence, he thereby waived all possible later objections to the court's ruling on the motion to suppress.

However, Harrelson states for the first time in his motion for rehearing that his point on appeal was directed at the error of the court in overruling his motion for a new trial because he produced newly discovered evidence by way of the testimony of the informant which showed the affidavit of the officers to procure the warrant was false.

The opinion dealt with the only point raised by Harrelson in his brief and that was the warrant was issued on material inconsistencies and without probable cause. Those objections were waived by failure to object when the evidence seized was offered.

The argument that Harrelson is entitled to a new trial on the basis of newly discovered evidence is presented for the first time on the motion for rehearing. Matters presented for the first time on the motion for rehearing will not be considered, except for those which may be raised at any stage. 24A C.J.S. Criminal Law § 1830, p. 508 Rule 28.02.

The motion for rehearing or to transfer is overruled.