STATE of Missouri,
Plaintiff-Respondent,

v.

Charles Dean BLEVINS,
Defendant-Appellant.

No. 10580.

Missouri Court of Appeals,
Springfield District,
Division Two.

Oct. 2, 1978.

John D. Ashcroft, Atty. Gen., Gregory W. Schroeder, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Jerry L. Reynolds, Bonacker & Reynolds, Springfield, for defendant-appellant.

BILLINGS, Chief Judge.

Defendant was convicted of stealing a tape player and tapes and sentenced as a habitual criminal to a three-year prison term. In this appeal he contends the trial court erred in not excluding certain evidence because he was induced to produce it by an implied promise he would not be prosecuted, his arrest was illegal, and he was not given the *Miranda* warnings. We affirm.

The tape player and tapes were stolen from an automobile owned by Forest Finders. Defendant and Dean Edwards had been at Finders' house in Springfield, Missouri, and shortly after they left, Finders discovered the articles missing from his car. He reported the theft and events of the evening to police. Defendant was arrested and questioned by an officer the next day. He denied any knowledge of the theft but indicated he knew where the stolen property was located and might be able to recover the articles. The questioning detective told defendant that Finders was only concerned about getting the player and tapes back and was not interested in pressing charges. Defendant was released from custody.

Several days later defendant told Finders that a person at Brighton, Missouri, had

purchased the tape player and tapes. Finders located this individual and learned this person, Mr. Pierce, had purchased the tape player and tapes. Finders reported this information to Springfield police. An officer went to Brighton and recovered the stolen property from Mr. Pierce who advised him he had purchased the items from defendant. Defendant was arrested and charged.

Prior to trial defendant filed a motion to suppress any oral statements he made to the police, the tape player and tapes, and the identity of Mr. Pierce. He claimed these matters were the product of his arrest without a warrant and without probable cause, his initial questioning was conducted without his having been given the *Miranda* warnings, and the officer's implied promise that no charges would be filed if the stolen property was returned to its owner. An evidentiary hearing was conducted. The questioning officer could not recall whether defendant was read the *Miranda* warnings before he was asked about the theft.[1] The trial court sustained defendant's motion as to his statements but overruled the remainder of his motion.

At trial Finders identified the tape player and tapes. They were received in evidence after defendant's objection as to their identification was overruled. Finders also stated that after the tape player and tapes had been returned to him the defendant told him he was sorry he had taken them. There was no objection to Finders' testimony. No objection was made to Mr. Pierce testifying and he identified defendant as the person who sold him the tape player and tapes.

Defendant urges that the physical evidence, defendant's inculpatory statement to Finders, and the testimony of Mr. Pierce [and Mrs. Pierce] were unconstitutionally tainted by reason of the detective's implied promise no prosecution would result if the stolen property was returned to Finders.

We need not determine the validity of defendant's contentions because the alleged errors of which he complains have not been preserved for appellate review. "Not only must defendant file a motion to suppress the controverted evidence, but he has the burden of presenting evidence to sustain his contentions." *State v. Holt,* 415 S.W.2d 761 (Mo.1967). He must also keep the question alive by *timely objection* and by preservation of the issue in a motion for new trial. *State v. Yowell,* 513 S.W.2d 397 (Mo.banc 1974). As in *Yowell,* defendant raised the unconstitutional taint issue in his motion to suppress and motion for new trial but failed to object to those matters at his trial. The reasons for requiring such objection at trial are fully set out in *State v. Bryson,* 506 S.W.2d 358 (Mo.1974), and supplemented in *State v. Yowell, supra.*

Defendant suggests we undertake review under Rule 27.20(c), V.A.M.R., the plain error doctrine. We decline to do so because the evidence is overwhelming as to defendant's guilt and we do not find "manifest injustice" resulting from the admission of the evidence.

The judgment is affirmed.

HOGAN, J., and RAGLAND, CONLEY and YEAMAN, Special Judges, concur.

---

1. At trial the officer stated he had in fact read the *Miranda* warnings to defendant; that he had found the "rights waiver" read to and signed by defendant.