**STATE of Missouri, Respondent,**

v.

**Terry WEBSTER, Appellant.**

No. 53426.

Missouri Court of Appeals,
Eastern District,
Division One.

June 21, 1988.

Curtis C. Crawford, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Defendant appeals from a bench-tried conviction for possession of a controlled substance, heroin. § 195.020, RSMo 1986. Defendant was sentenced to fifteen years' imprisonment as a prior and persistent offender. We affirm.

Defendant alleges the State failed to present sufficient evidence to sustain a conviction. We view the evidence and all inferences reasonably arising therefrom in the light most favorable to the verdict. We reject and ignore all contradictory evidence and inferences. *State v. Willis,* 662 S.W. 2d 252, 253[1] (Mo. banc 1983). To sustain a conviction for possession of a controlled substance under § 195.020, the State must prove the defendant knowingly and intentionally possessed the controlled substance and was aware of the presence and nature of the substance. *State v. Barber,* 635 S.W.2d 342, 343[2] (Mo.1982).

On January 16, 1986, at approximately 11:30 p.m., Officer Dehntjer of the St. Louis City Police Department received information from a previously reliable confidential informant that defendant was dealing in cocaine in the vicinity of Vandeventer and St. Louis Avenues. Dehntjer and his partner, Simpher, knew defendant from prior arrests. The two officers proceeded to the area. As they were driving south on Vandeventer, they met the defendant's car, which was proceeding northbound. The officers made a U-turn and followed the defendant as he pulled into a gas station. The defendant had a passenger with him. Simpher got out of the patrol car and approached the driver's side of defendant's car. Dehntjer drove the patrol car around the gas pumps behind defendant's car, got out, and approached the passenger side. As Dehntjer approached the passenger, he observed him remove a handgun from his jacket and place it in the glove box of the car. Simultaneously, Simpher approached the driver's side and observed defendant get out of the car, stand, and drop a small brown glass vial and a shiny object onto the ground next to the car. Both defendant and passenger were detained. Simpher searched the spot where defendant dropped the items and recovered a small brown glass vial containing a white powder and a silver spoon. Analysis of the powder revealed heroin. At trial, defendant did not testify but did call three witnesses.

The State produced direct evidence of defendant's possession and control of drugs through Simpher's testimony that he saw defendant drop the spoon and vial of heroin. Defendant's attempt to discard the

heroin when encountered by police is consistent with knowledge of the nature of the substance possessed and supports the verdict of guilty. *State v. Harris*, 485 S.W.2d 612 (Mo.1972).

Defendant also asserts the evidence was insufficient in that the testimony of the defendant's witnesses contradicted the State's witnesses. As a result, the testimony of the State's witnesses was devoid of credibility. However, the credibility of witnesses and the weight of their testimony are within the dominion of the trial court and are not subject to review on appeal. *State v. Brown*, 665 S.W.2d 945, 958[14] (Mo.App.1984).

Judgment affirmed.

DOWD and REINHARD, JJ., concur.