**STATE of Missouri, Plaintiff–Respondent**

v.

**Mark K. McLANE, Defendant–Appellant.**

**No. 25677.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 9, 2004.

---

John M. Albright and Stephen E. Walsh, Moore, Walsh & Albright, L.L.P., Poplar Bluff, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Mark K. McLane (defendant) appeals a conviction for the class C felony of possession of methamphetamine, a controlled substance. § 195.202.[1] He asserts one point on appeal; that the evidence adduced at trial was insufficient to support the jury's verdict of guilty. This court affirms.

> In adjudicating [a claim that evidence was insufficient to support a guilty verdict], this court accepts as true all of the evidence favorable to the State, including all favorable inferences drawn therefrom, and disregards all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo.banc 1993), *cert. denied*, 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). This court's review is limited to a determination of whether there is sufficient evidence from which a reasonable juror

---

1. References to statutes are to RSMo 2000 unless otherwise stated.

might have found [defendant] guilty beyond a reasonable doubt. *Id.*

*State v. Camerer*, 29 S.W.3d 422, 423 (Mo. App.2000).

On the evening of January 19, 2001, Missouri State Highway Patrol Trooper C.R. Colbert observed a Ford pickup being driven on U.S. Highway 67 near Greenville, Missouri, in Wayne County, without a light illuminating its rear license plate. *See* § 307.075.1. Officer Colbert stopped the pickup truck.

The pickup had two occupants, the driver and owner of the truck, David Robbins, and defendant. Robbins got out of the pickup and approached Trooper Colbert's patrol car. Trooper Colbert exited his patrol car and met Robbins in the area between the two vehicles. Defendant remained in the pickup.

Robbins provided his driver's license and proof of insurance to Trooper Colbert. Trooper Colbert asked if Robbins had any drugs or weapons in his vehicle. He said, "No," and told Trooper Colbert that he could search Robbins' vehicle if he wanted. Trooper Colbert told Robins that was a good idea and requested assistance.

Trooper Colbert placed himself where he could watch Robbins and defendant at the same time. Trooper Colbert was asked what he observed with respect to defendant. He answered:

> Well it was very cold that night and while I was waiting on Trooper Ayres to arrive [to assist], [defendant] had rolled the window down and I looked over, I saw him roll the window down and then I don't remember exactly what [Robbins] did, but he drew my attention, I looked over at David Robbins and when I looked back at [defendant] the window was being rolled up.

After Trooper Ayres arrived, Trooper Colbert walked to the passenger side of the pickup where he saw a green change purse lying on the ground about two feet from the vehicle. There was snow on the ground; however, the purse was clean and dry. There were no tire marks near the purse other than those from Robbins' pickup. Trooper Colbert was asked what he did. He answered, "I walked over and picked it up and the first thing that struck me as odd was it was still warm, it wasn't cold. I would have thought it would have been had it been there awhile, but it wasn't[,] it was warm. I opened it up and looked inside and saw a white powder substance." The change purse and contents were submitted for laboratory analysis. It contained 0.40 grams of methamphetamine.

After showing the contents of the change purse to Trooper Ayers, Trooper Colbert closed the purse, walked over to the passenger door of the pickup, and asked defendant to step out. Defendant told Trooper Colbert, "That was there, that's not mine," although Trooper Colbert had not shown the object to defendant. Trooper Colbert placed Robbins and defendant under arrest. Trooper Ayers took charge of them. Trooper Colbert remained with Robbins' vehicle to coordinate it being towed.

Trooper Ayres took defendant to his vehicle, advised him of his *Miranda*[2] rights, and transported him to the sheriff's department. Trooper Ayres testified that he asked defendant "a couple of questions" as they walked up the steps to the sheriff's department. He said he asked defendant why the change purse was on his side of the vehicle; that defendant said, "I guess it had to come out that window but it's not mine." Trooper Ayres asked who the change purse belonged to. Defendant an-

---

**2.** See *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

swered, "Well if it's not mine, you figure it out."

Defendant moved for directed verdict at the close of the state's case. The motion was denied. Defendant rested his case without presenting evidence. He moved for directed verdict at the close of all evidence. That motion was denied. Defendant contends the trial court erred in denying his motions for directed verdict because there was insufficient evidence for the jury to have found he had control of the drugs or knew of their presence.

Section 195.202.1 specifies that "it is unlawful for any person to possess or have under his control a controlled substance." Section 195.010(32) declares that in order to possess a controlled substance, a person must have knowledge of the presence and nature of the substance and have actual or constructive possession of it. The statute provides, "A person has actual possession if he has the substance on his person or within easy reach and convenient control." [3]

■■■ "To convict a person of possessing a controlled substance, the state must prove that the person had conscious and intentional possession of the substance, either actual or constructive, and was aware of the substance's presence and nature." *State v. Belton,* 108 S.W.3d 171, 176 (Mo. App.2003). "Both possession and knowledge may be proved by circumstantial evidence." *State v. Camerer,* 29 S.W.3d at 425. "Proof of a defendant's knowledge of the presence and character of a substance is normally supplied by circumstantial evidence of the acts and conduct of the accused from which it can be fairly inferred he or she knew of the existence of the contraband." *State v. Elmore,* 43 S.W.3d 421, 427 (Mo.App.2001).

■■■ Defendant was the only occupant in the pickup after it was stopped and the driver exited the vehicle. Trooper Colbert saw the window by defendant roll down. He was detracted momentarily but when he looked again at the pickup, he saw the window being rolled up. Shortly after that, Trooper Colbert saw the change purse about two feet from the pickup on the side where defendant was sitting. The purse was on top of recently fallen snow. It remained warm to Trooper Colbert's touch although the temperature was about 30 degrees. When asked by Trooper Ayres why the change purse had been on his side of the vehicle, defendant said he guessed it had to have come out of that window. There was sufficient evidence from which a reasonable juror could find beyond a reasonable doubt that defendant threw the change purse out of the window after Trooper Colbert stopped the vehicle and while Robbins was in the presence of Trooper Colbert. In order to have thrown the change purse from the pickup, defendant would have had to handle it and maintain control over it. "A person has actual possession of a substance if it is within easy reach and convenient control." *State v. Belton,* 108 S.W.3d at 176.

Defendant argues, nevertheless, that there was insufficient evidence for the jury to have found that he had knowledge of what the change purse contained; that a reasonable juror could not have concluded he was aware of the substance's presence in the change purse or its nature.

In *State v. Camerer, supra,* a backpack containing a controlled substance was thrown from a pickup after a marked patrol vehicle appeared behind the pickup. *Camerer,* citing *State v. Webster,* 754 S.W.2d 12, 12–13 (Mo.App.1988),[4] held that

---

**3.** This provision now appears as § 195.010(34), RSMo Cum.Supp.2002.

**4.** *Webster* held that an attempt to discard heroin when encountered by police was consis-

the tossing of the backpack from the pick-up after the patrol car appeared was consistent with knowledge that possession of its contents violated the law. 29 S.W.3d at 426.

There was sufficient evidence for a reasonable juror to find that defendant undertook to surreptitiously dispose of the change purse. The evidence was sufficient for a reasonable juror to find beyond a reasonable doubt that defendant knew the nature of the change purse's contents; that defendant knew that possession of those contents violated the law. Defendant's point is denied. The judgment of conviction is affirmed.

SHRUM, J., and BATES, J., concur.

tent with knowledge of the nature of the substance possessed and supported a verdict of