**STATE of Missouri, Respondent,**

v.

**David L. DAVIS, Jr., Appellant.**

No. 27905.

Missouri Court of Appeals,
Southern District,
Division Two.

April 30, 2007.

**864**

Matthew Ward, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Jaime Wilson Corman, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

David L. Davis, Jr. ("Appellant") appeals his conviction by a jury of one count of the class C felony of possession of a controlled substance, a violation of section 195.202.[1] Following his conviction, Appellant was sentenced by the trial court to five years in the Missouri Department of Corrections. In his sole point on appeal, Appellant maintains the trial court erred in overruling his motion for judgment of acquittal because the evidence was insufficient to prove beyond a reasonable doubt that he was in possession of a controlled substance. We affirm the judgment and sentence of the trial court.

"Viewing the evidence in the light most favorable to the jury's verdict," *State v. Smith,* 185 S.W.3d 747, 751 (Mo.App.2006), the record reveals that on January 20, 2005, the Jasper County Police Department executed a search warrant on a residence, a trailer home, located at 204 North Earl Street in Purcell, Missouri. Corporal Milton Ganz ("Corporal Ganz"), who had been assigned to the detective division of the Drug Task Force, was the "lead investigator for the execution of the search

---

1. All statutory references are to RSMo 2000.

warrant" and was the first officer to knock on the door at that residence.

Corporal Ganz testified that Lonnie Alumbaugh ("Mr. Alumbaugh"), the owner of the residence, came to the door and Corporal Ganz informed him he was there to serve a search warrant. Corporal Ganz entered the home and observed "an elderly couple sitting at the dining room table" and "a male who came through the back door." Corporal Ganz testified the man, who was later identified as Appellant, came through the back door and into the house "a matter of seconds" after Corporal Ganz entered the house. Corporal Ganz stated he was approximately twenty feet away from Appellant and had a clear view of him. Corporal Ganz stated that Appellant "saw [him], stepped into the doorway, and bent down to his left and he had something in his [left] hand, it was [dark colored and small], and he dropped it on top of the toolbox" which was sitting by the door.[2] Corporal Ganz said the item was not shiny and "it fit in [Appellant's] palm." Corporal Ganz stated it took "[a] second, maybe two, it was very quick" for Appellant to drop the item into the toolbox. He related Appellant "reached down, he opened up his hand and [the item] fell on top" of the open toolbox.

Corporal Ganz asked Appellant to approach him and sit down on the floor next to Mr. Alumbaugh. Corporal Ganz stated that his agenda was "to search the residence for narcotics and illegal materials" and he "started with the toolbox where [he] saw [Appellant] come through the door at." Corporal Ganz "walked up to the toolbox and looked down at it and saw a small black magnetic keycase." He stat-ed the keycase "was sitting on top of the tools on top of the toolbox." He stated that the keycase "was a[n] oblong plastic magnetic keycase, black in color and it was shut." Corporal Ganz testified there was nothing else in the toolbox which could have been the item Appellant had been holding in his hand. When Corporal Ganz opened the keycase he "found several empty baggies, plastic baggies, and [he] also found three plastic baggies that had off white powder in them" as well as a "small black plastic vial...."

Corporal Ganz informed Appellant of his *Miranda*[3] rights and "asked him if his fingerprints would be on any of the items [in the keycase] and he said ... probably yes." Appellant was thereafter transferred to the Jasper County Sheriff's Department.

Phillip Whittle, the director of the regional crime lab, testified that he analyzed the white powder in the baggies found in the keycase and the baggies tested positive for methamphetamine.

At the close of all the evidence, the jury convicted Appellant of possession of a controlled substance and he was sentenced to five years imprisonment. This appeal followed.

In his sole allegation of error Appellant asserts the trial court erred in overruling his motion for judgment of acquittal "and in imposing judgment and sentence against [Appellant] for possession of a controlled substance ..." because "the evidence was insufficient to prove beyond a reasonable doubt that he was in possession of a controlled substance...." Specifically, Appellant maintains the evidence was insufficient because "[Corporal] Ganz only saw a

---

**2.** Corporal Ganz testified the toolbox was located next to the wall inside the doorway and "[i]t was about a foot, a foot and a half, length with probably six to eight inches wide. It did not have a top on it, it had a case that fits on top with no lid."

**3.** *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

'dark and small ...' object in [Appellant's] hand and this did not conclusively identify the keycase in which the controlled substance was ultimately found."

We review the denial of a motion for acquittal to determine if the State adduced sufficient evidence to make a submissible case. *State v. Christian,* 184 S.W.3d 597, 602 (Mo.App.2006). "Our standard of review is whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Wright,* 998 S.W.2d 78, 81 (Mo.App. 1999). The court must examine the elements of the crime and consider each in turn; reviewing the evidence in the light most favorable to the judgment; disregarding any contrary evidence; and granting the State all reasonable inferences from the evidence. *State v. Whalen,* 49 S.W.3d 181, 184 (Mo. banc 2001). We defer to the superior position of the jury to assess the credibility of witnesses and the weight and value of their testimony. *State v. Nichols,* 20 S.W.3d 594, 597 (Mo.App. 2000).

Section 195.202.1 states "[e]xcept as authorized by sections 195.005 to 195.425, it is unlawful for any person to possess or have under his control a controlled substance." Section 195.010(32) defines "[p]ossessed" or "possessing a controlled substance:"

a person, with the knowledge of the presence and nature of a substance, has actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the

intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it.

Section 195.010(5) defines a controlled substance as "a drug, substance, or immediate precursor in Schedules I through V listed in sections 195.005 to 195.425 . . . ." [4]

As to possession, the State had the burden to prove Appellant had actual or constructive possession of the methamphetamine in the keycase. It has long been held that possession may be proven by circumstantial evidence. *State v. Norville,* 23 S.W.3d 673, 676 (Mo.App.2000). "The State is not required to show actual, physical possession of the substance to establish possession, but may show constructive possession by circumstantial evidence." *State v. Powell,* 973 S.W.2d 556, 558 (Mo.App.1998); *see also State v. McLane,* 136 S.W.3d 170, 173 (Mo.App. 2004) (holding there was sufficient evidence that a vehicle passenger was in possession of a controlled substance where the police officer saw the passenger side window roll up and down and then located a change purse containing methamphetamine on the ground beneath the window).

In the present matter, the State adduced sufficient evidence to prove Appellant possessed the keycase at issue. Corporal Ganz testified that he was standing twenty feet away from Appellant and had an unobstructed view of him when Appellant very quickly "bent down ... and he had something in his [left] hand, it was [dark colored and small], and he dropped it on top of the toolbox." He stated "when [Appellant] reached down, he opened up

4. Section 195.017.4(3)(b) defines methamphetamine as a Schedule II narcotic.
We note Appellant in the present matter does not seem to dispute the fact that the substance

in the keycase was methamphetamine and, instead, focuses his argument on the possession element of section 195.202.1.

his hand and [the item] fell on top" of the tools in the toolbox. Corporal Ganz said the item was not shiny and "it fit in [Appellant's] palm." Corporal Ganz saw Appellant place the item in the toolbox and there was no testimony that anyone else was near the toolbox after that time.

When Corporal Ganz approached the toolbox he "looked down at it and [he] saw a small black magnetic keycase." He stated the keycase, "a [shut] oblong plastic magnetic keycase, black in color ..." "was sitting on top of the tools on top of the toolbox." Corporal Ganz stated the keycase was lying on top of a hammer, several wrenches and some screwdrivers. He stated "[t]he wrenches were long and silver, the hammer is a long wooden hammer, the screwdrivers would have had a plastic handle with a long silver shank on it, and none of those items matched what [he] saw [Appellant] have." He stated the keycase was the only item which was dark and small and it was lying on top of the tools.

 Additionally, after finding the keycase Corporal Ganz "asked [Appellant] if his fingerprints would be on any of the items ..." and Appellant stated "yes."[5] He did not deny that he had been in possession of the keycase. Additionally, it is important to note that when Appellant entered the residence through the back door and saw law enforcement officers in the home, he "very quick[ly]" discarded the keycase in the open toolbox which was sitting right next to the door. An "[a]ction resembling an effort to conceal constitutes evidence reasonably implying consciousness of guilt." *State v. Mishler,* 908 S.W.2d 888, 892 (Mo.App.1995); *see also Powell,* 973 S.W.2d at 559 (holding that a

"defendant's actions in attempting to hide something ... implies a consciousness of guilt"). These foregoing actions by Appellant, coupled with the fact that the keycase contained methamphetamine, constituted direct and circumstantial evidence sufficient for a reasonable finder of fact to conclude beyond a reasonable doubt that Appellant possessed the methamphetamine. *See McLane,* 136 S.W.3d at 173–74. The State made a submissible case and the trial court did not err in overruling Appellant's motion for judgment of acquittal. *Christian,* 184 S.W.3d at 602. Point denied.

The judgment and sentence of the trial court is affirmed.

BATES, C.J., and LYNCH, J., concur.

---

5. Appellant maintains Corporal Ganz's testimony that he asked if Appellant's fingerprints would be on "any of the items ..." is a reference to "any of the items ..." in the toolbox and not "any of the items ..." in the keycase; however, based on our review of the testimony, it appears Corporal Ganz was referring to the items found in the keycase.