

## Missouri Court of Appeals
### Southern District
### Division Two

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent, | ) |
| | ) |
| vs. | ) No. SD36144 |
| | ) |
| WILLIAM W. WELCH, JR., | ) FILED: July 22, 2020 |
| | ) |
| Appellant. | ) |

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

#### Honorable David A. Dolan, Judge

**AFFIRMED**

Following a jury trial, William W. Welch, Jr. ("Defendant") was found guilty of possession of a controlled substance, a class D felony, *see* section 579.015, and the unlawful possession of drug paraphernalia, a class D misdemeanor, *see* section 579.074.[1]  In two points on appeal, Defendant argues that the jury could not reasonably infer, first, that he knew about the controlled substance and, second, that he knew about the drug paraphernalia.  Finding no merit in Defendant's points, we affirm.

### Standard of Review

In reviewing a claim that there was not sufficient evidence to sustain a criminal conviction, this Court does not weigh the evidence but, rather, accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignores all contrary evidence and inferences. This Court

---

[1] All statutory references are to RSMo 2016.

asks only whether there was sufficient evidence from which the trier of fact reasonably could have found the defendant guilty.

*State v. Claycomb*, 470 S.W.3d 358, 362 (Mo. banc 2015) (quotation marks, brackets, and citations omitted).

## Factual and Procedural Background

At 2:52 a.m. on September 4, 2017, Sikeston police officer Tyler Rowe ("Officer Rowe") received a report of a suspicious person at a construction site. After arriving at the construction site to investigate, about two minutes after getting the report, Officer Rowe was alerted to a portable bathroom located on the site when he observed that its outside indicator showed "red occupied[.]"

Officer Rowe "jiggled" the portable bathroom's door, heard someone moving inside, and, after pulling the door open a crack, saw Defendant, who was fully clothed. When he was asked to step outside, Defendant ultimately complied, although he did not do so immediately. Defendant informed Officer Rowe that some individuals from his church were allowing him to stay in their residence approximately fifty yards away, that he was out for a walk clearing his head, and that he used to work in construction and was checking out the site when he decided to use the portable bathroom. After determining that Defendant had no active warrants, Officer Rowe allowed him to return to the indicated nearby residence.

Officer Rowe then resumed searching the construction site. In the portable bathroom, Officer Rowe located a black velvet bag in the water "near the top of the toilet[.]" While the outside of the bag was wet, inside the bag was a dry lightbulb with the filament removed that contained a white crystalline powder. Based upon his training and experience, Officer Rowe knew that a common method of smoking methamphetamine involved removing the filament from a light bulb, inserting methamphetamine, heating the bulb, and then inhaling from where

2

the filament used to be. Upon making this discovery, Officer Rowe immediately proceeded to "recontact" Defendant.

After detaining and arresting the Defendant at the nearby residence with the help of another officer, which took about two to three minutes, Officer Rowe returned to the portable bathroom to continue his search for any more contraband. Floating in the toilet, Officer Rowe additionally found the "bottom part of a cigarette pack cellophane" containing a white crystalline substance that was not wet. Laboratory testing later revealed that the crystalline substance in the cellophane was methamphetamine.

From the time of his initial arrival at the construction site until his final departure with Defendant in his custody, Officer Rowe did not see anybody else at or near the construction site.

Defendant was charged with and found guilty of possession of a controlled substance and possession of drug paraphernalia. The court sentenced him to seven years' imprisonment in the Department of Corrections for possession of a controlled substance and fined him $500 for possession of drug paraphernalia. Defendant timely appeals.

### Discussion

Both of Defendant's points contend that the trial court erred in overruling Defendant's motion for judgment of acquittal. He argues, first, that "that the jury could not reasonably infer that [Defendant] knew about the methamphetamine found in the portable bathroom on the construction site" and, second, "that the jury could not reasonably infer that [Defendant] knew about the black bag with the light bulb found in the portable bathroom on the construction site[.]" Therefore, according to Defendant's argument, "the jury could not find beyond a reasonable doubt that he had either actual or constructive possession" of either item. Because of their similarity and common surrounding facts and circumstances, we address both of Defendant's points together.

3

Under section 579.015.1, "[a] person commits the offense of possession of a controlled substance if he or she knowingly possesses a controlled substance[.]" Under section 579.074.1, "[a] person commits the offense of unlawful possession of drug paraphernalia if he or she knowingly uses, or possesses with intent to use, drug paraphernalia[.]" "Possessed" or "possessing a controlled substance" is defined, in pertinent part, as:

> [A] person, with the knowledge of the presence and nature of a substance, has actual or constructive possession of the substance. A person has actual possession if he has the substance on his or her person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it.

Section 195.010(34).

Thus, to prove the possession offenses charged against Defendant, the State was required to show "'(1) conscious and intentional possession of [the controlled substance and paraphernalia], either actual or constructive, and (2) awareness of the presence and nature of the controlled substance [and paraphernalia][.]'" *State v. Phillips*, 477 S.W.3d 176, 179 (Mo.App. 2015) (quoting *State v. Power*, 281 S.W.3d 843, 848 (Mo.App. 2009)) (some alterations in original). "[B]oth possession and knowledge may be proved by circumstantial evidence." *State v. Drabek*, 551 S.W.3d 550, 556 (Mo.App. 2018). "We employ the same analysis when reviewing the question of whether [Defendant] possessed drug paraphernalia as when determining whether [Defendant] possessed a controlled substance." *Power*, 281 S.W.3d at 849.

We begin and end our analysis with the evidence that supports findings of Defendant's *actual* possession of a controlled substance and drug paraphernalia. *State v. McLane*, 136 S.W.3d 170 (Mo.App. 2004), is instructive on the issue of actual possession when, like here, the evidence is circumstantial. In that case, a law enforcement officer, after initiating a traffic stop, discovered a change purse containing a controlled substance laying on the ground two feet away

4

from the stopped vehicle. *Id.* at 172. The officer did not see the purse thrown from the vehicle. *Id.* He did, however, observe the following: the passenger window, where the defendant was sitting, was rolled down after the driver had exited the vehicle; the officer was momentarily distracted by the vehicle's driver and then he looked back at the window, which he observed being rolled back up; the purse, which was warm to the touch, was discovered on top of fallen snow next to the side of the vehicle where the defendant was seated; and the defendant, when asked about the purse, stated "I guess it had to come out that window but it's not mine." *Id.*

Like the officer in *McLane*, Officer Rowe did not directly observe Defendant's actual possession of a controlled substance or paraphernalia. As with that case, however, such possession could be reasonably inferred based upon the totality of the surrounding facts and circumstances. Here, Defendant was discovered during the middle of the night fully clothed while exclusively occupying a portable bathroom on a construction site with which he had no known connection, with no one else around, and that was only fifty yards from the residence where he was staying. The controlled substance and paraphernalia, both dry, were found in containers, both wet on the outside, at the top of the water in the toilet, which could give rise to a reasonable inference that they had recently been put in the toilet. Defendant did not immediately exit the portable bathroom when asked to do so by Officer Rowe. The illicit materials were discovered shortly after Defendant exited the portable bathroom. These facts and surrounding circumstances could give rise to a reasonable inference that Defendant attempted to conceal or dispose of the illicit materials in the toilet *after* his presence in the portable bathroom was discovered by Officer Rowe, but *before* Defendant exited the bathroom.

In completing his attempted concealment or disposal of the illicit materials, Defendant necessarily would have had those materials within his easy reach and convenient control, *i.e.*, in

5

his actual possession.  *See id.* at 173 ("In order to have thrown the change purse from the pickup, defendant would have had to handle it and maintain control over it.").  The attempted concealment or disposal, following Officer Rowe's knock at the door, was consistent with Defendant having knowledge of the illicit nature of the material and his motivation to avoid being caught with them on his person when he exited the bathroom.  *See id* at 173–74 (citing cases for the proposition that "the tossing of [a] backpack from [a] pickup after [a] patrol car appeared was consistent with knowledge that possession of its contents violated the law").

In addition, the jury was free to disbelieve the accuracy of Defendant's explanation given to Officer Rowe that he was out for a walk to clear his head and needed to use the portable bathroom.  *State v. Jackson*, 433 S.W.3d 390, 399 (Mo. banc 2014) (jury has right to disbelieve all or any part of the evidence).  Such disbelief, coupled with Defendant's admission that the residence where he was staying was a mere fifty yards away, could give rise to a reasonable inference that Defendant made a false statement to Officer Rowe out of his desire to conceal his possession of the illicit materials and thereby demonstrated his consciousness of guilt.  *State v. Barton*, 998 S.W.2d 19, 28 (Mo. banc 1999) (a defendant's declaration that shows a desire to conceal the offense tends to establish the defendant's guilt of the charged crime); *State v. Isa*, 850 S.W.2d 876, 894 (Mo. banc 1993) ("A permissible inference of guilt may be drawn from the acts or conduct of a defendant, subsequent to an offense, if they tend to show a consciousness of guilt and a desire to conceal the offense or a role therein.").

In sum, given the totality of the surrounding facts and circumstances, there was sufficient evidence for the jury to reasonably find that Defendant was in actual possession of a controlled

6

substance (methamphetamine) and paraphernalia (the modified light bulb), and the trial court did not err in denying Defendant's motion for judgment of acquittal.[2] Defendant's points are denied.

## Decision

The trial court's judgment is affirmed.

GARY W. LYNCH, J. – OPINION AUTHOR

JEFFREY W. BATES, C.J./P.J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

---

[2] The cases cited by Defendant to support his argument to the contrary are inapposite. Neither the defendant in *State v. Clark*, 490 S.W.3d 704, 709 (Mo. banc 2016), nor the defendant in *State v. Driskell*, 167 S.W.3d 267, 269 (Mo.App. 2005), acted in a manner that could support an inference they had the requisite knowledge of the presence and nature of the controlled substances, which were discovered in sealed containers within spaces that neither defendant had exclusive control over.