STATE of Missouri, Plaintiff–
Respondent,

v.

Rodney JOHNSON, Defendant–
Appellant.

No. 24496.

Missouri Court of Appeals,
Southern District,
Division Two.

May 30, 2002.

Motion for Rehearing or Transfer Denied
June 17, 2002.

Application for Transfer Denied
Aug. 27, 2002.

Kent Denzel, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Stephanie Morrell, Asst. Atty. Gen., for respondent.

PHILLIP R. GARRISON, Presiding Judge.

Rodney Johnson ("Defendant") was charged with the class B felony of possession of a controlled substance with intent to distribute, in violation of Section 195.211.[1] Following a bench trial, he was found guilty and was sentenced to six years imprisonment. Defendant appeals.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

On January 23, 2000, Sergeant Jack McMullin ("Sergeant McMullin") of the Missouri State Highway Patrol was patrolling Interstate 44 in Greene County. Sergeant McMullin observed a 1999 Ford Expedition following another vehicle too closely. He stopped the Expedition after following it for approximately two miles as it continued to follow the other vehicle too closely.

Sergeant McMullin asked the driver of the Expedition, Tarrie Dozier ("Dozier"), to come back to his patrol car where he ran a computer check of the license plate, and discovered that the vehicle belonged to a rental car company. Dozier stated that he and the other two men in the vehicle were traveling to Cincinnati, Ohio to promote some CDs. Sergeant McMullin issued a written warning for the traffic violation and inquired who the vehicle belonged to, and when Dozier said that it was a rental vehicle, Sergeant McMullin asked for and was shown the rental agreement, which indicated that Defendant was the renter of the vehicle. The rental agreement showed that the vehicle had been rented on January 20th or 21st and that the return date was January 27th. Sergeant McMullin then asked Defendant to come to his patrol car to show him identification to prove that he was the renter of the vehicle.

While speaking with Defendant in the patrol car, Sergeant McMullin noticed that Defendant was very nervous and his hands were trembling. Defendant had difficulty with his speech. Defendant told Sergeant McMullin that he was heading toward Cincinnati to promote some CDs, and that he was Dozier's manager. Defendant stated that they were staying in Cincinnati for a week. Sergeant McMullin then asked Defendant if he had any guns or drugs in the vehicle, and Defendant said that there were none. Sergeant McMullin then asked if he could search the vehicle, and Defendant stated, "Go ahead."

Defendant remained in the patrol car while Sergeant McMullin went to the Expedition. With Dozier and the remaining passenger remaining in the Expedition, Sergeant McMullin opened the passenger side rear door and looked inside. He shined his flashlight in a seat belt slot hole and saw a duct-taped package. He removed the package and determined that it contained marijuana.

Defendant, Dozier, and the other passenger were arrested. A more thorough search of the vehicle was conducted, and additional packages of marijuana were discovered hidden in the "factory voids" of the vehicle, including the ceiling, the seat belt slot holes, the jack storage area, and the left rear panel of the vehicle. Twenty-three packages of marijuana, weighing approximately thirty-eight pounds, were removed from the vehicle. The estimated value of the marijuana was $40,000.

Prior to trial, Defendant filed a motion to suppress the marijuana seized from the vehicle. The trial court overruled the motion after an evidentiary hearing. Defendant also filed a motion for judgment of acquittal at the close of the State's case, which was denied. Following a bench trial, Defendant was found guilty and was sentenced to six years imprisonment.

Defendant raises two points of error on appeal. His second point, however, is dispositive of the appeal. In that point, Defendant asserts that the trial court erred in overruling his motion for judgment of acquittal at the close of the evidence and in entering a judgment finding him guilty of possession of a controlled substance with the intent to distribute because the evidence was insufficient to establish that Defendant knowingly possessed a controlled substance. He argues that the trier of fact could not have reached a "subjective state of near certitude" that Defendant knew of or exercised control over the marijuana hidden in the rented vehicle.

In a court-tried case, the sufficiency of the evidence is determined by the same standard as in a jury-tried case, and that is whether or not there was sufficient evidence from which the trier of fact could have reasonably found guilt. *State v. Downen*, 3 S.W.3d 434, 435 (Mo.App. S.D. 1999). In determining whether or not there is evidence sufficient to support a finding of guilt, an appellate court may not weigh the evidence, but accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and all contrary evidence and inferences are ignored. *Id.*

Under Section 195.010(32), possession is defined as:

[A] person, with the knowledge of the presence and nature of a substance, has actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it. Possession may also be sole or joint. If one person alone has possession of a substance possession is sole. If two or more persons share possession of a substance, possession is joint.

In order to establish possession, the State must show (1) a conscious and intentional possession of the controlled substance, either actual or constructive, and (2) an awareness of the presence and nature of the substance. *State v. White*, 28 S.W.3d 391, 398 (Mo.App. W.D.2000). *See also State v. Sours*, 946 S.W.2d 747, 752 (Mo. App. S.D.1997). Circumstantial evidence may be used to prove both possession and awareness. *White*, 28 S.W.3d at 398.

Absent proof of actual possession, the State may establish constructive possession by proving that the defendant had access to and control over the premises where the substance was found. *State v. Purlee*, 839 S.W.2d 584, 588 (Mo. banc 1992). A defendant who has exclusive control of the property is deemed to have possession and control of any substance found on the property. *State v. Yahne*, 943 S.W.2d 741, 745 (Mo.App. W.D.1997). However, "[p]ossession without knowledge of such possession is not possession in the legal sense of that word." *State v. Mercado*, 887 S.W.2d 688, 692 (Mo.App. S.D. 1994). "Since our society recognizes the varied use of automobiles, the exclusive possession of premises rule has been modified when automobiles are involved because of 'the reality of the contemporary use of the automobile as a means of social accommodation.'" *State v. Allen*, 744 S.W.2d 865, 868 (Mo.App. W.D.1988) (quoting *State v. Bowyer*, 693 S.W.2d 845, 848 (Mo.App. W.D.1985)). In the case of automobiles the full effect of the exclusive possession rule is tempered by evidence of equal access by persons, other than the owner, to the vehicle. *Bowyer*, 693 S.W.2d at 848.

In cases where there is joint control of an automobile, a defendant is still deemed to have possession and control where there is additional evidence connecting him with the controlled substance. *State v. Booth*, 11 S.W.3d 887, 891 (Mo. App. S.D.2000). Such additional evidence includes: the presence of a large quantity of the substance at the scene where the defendant is arrested; routine access to an area where controlled substances are found; nervousness exhibited during the search of the area; the subject of the controversy in plain view; commingling of the controlled substance with the defendant's personal belongings; and the conduct and statements made by the accused. *See State v. Morris*, 41 S.W.3d 494, 497 (Mo.App. E.D.2000); *State v. West*, 21

S.W.3d 59, 63 (Mo.App. W.D.2000); *State v. Mishler,* 908 S.W.2d 888, 892 (Mo.App. S.D.1995); *State v. Kerfoot,* 675 S.W.2d 658, 662 (Mo.App. E.D.1984). The totality of the circumstances is considered in determining whether sufficient additional incriminating circumstances have been proven. *West,* 21 S.W.3d at 63.

In the instant case, although Defendant was listed on the rental agreement as the renter of the vehicle, a factor which may be considered in determining whether Defendant constructively possessed the marijuana,[2] both Dozier and the other passenger had equal access to the Expedition. Missouri does not recognize the presumption that the owner is charged with knowledge of everything found in his or her vehicle. *State v. West,* 559 S.W.2d 282, 285 (Mo.App.1977). Thus, even if one is the owner or renter of a vehicle, constructive possession will not be inferred in circumstances where others have had equal access to the vehicle unless there is evidence of additional incriminating circumstances implicating the defendant. *See Bowyer,* 693 S.W.2d at 848–49. Here, the only additional factors connecting Defendant with the marijuana were the large quantity of drugs found in the vehicle and Defendant's nervousness.

The trier of fact can consider the amount and value of the drugs as tending to show Defendant's conscious and knowing possession of the drugs. *See State v. Groves,* 886 S.W.2d 675, 678 (Mo.App. S.D. 1994). Here, the Expedition contained approximately 38 pounds of marijuana worth approximately $40,000. However, there was no evidence that there was any discernable odor in the vehicle emitted by the marijuana or by something used to mask an otherwise pungent smell. The marijua-na was also not visible to Sergeant McMullin until he shined his flashlight through the small opening in the seat belt slot. *See Mercado,* 887 S.W.2d at 689–90, where officers stopped a van for following another vehicle too closely and found approximately two hundred pounds of marijuana inside the wall panels of the van. The defendant, a passenger in the van, was convicted of trafficking drugs. On appeal, the court held that the evidence was insufficient to support the conviction because there was no discernable odor in the passenger compartment of the van, the marijuana was not visible upon entry to the van, and the defendant's nervousness alone was not enough to prove that he had knowledge of the marijuana. *Id.* at 692. Similarly in the instant case, there was no evidence presented to indicate that Defendant had knowledge of the presence and nature of the marijuana that was hidden from view inside the ceiling, the seat belt holes, the jack storage area, and the left rear panel of the vehicle.

Moreover, Defendant's conduct was not such that an inference of knowledge of the marijuana could be drawn from it. The State argues that the fact that Defendant was trembling uncontrollably and had difficulty with his speech while speaking to Sergeant McMullin point to his knowing possession of the marijuana. While visible nervousness is probative of Defendant's awareness of the marijuana, nervousness alone is not sufficient evidence from which the trier of fact could find Defendant guilty. *See Mishler,* 908 S.W.2d at 892; *Mercado,* 887 S.W.2d at 692. Nervousness is one incriminating fact that will support a conviction only if consistent with the totality of the circumstances. *Mishler,* 908 S.W.2d at 892.

---

**2.** *See State v. Garrison,* 896 S.W.2d 689, 692 (Mo.App. S.D.1995), where this court found that the fact that the defendant "was not merely a passenger in the [rented vehicle],

[but] was the lessee of it" was a factor that could be considered in determining whether the defendant constructively possessed the methamphetamine.

In examining the totality of the circumstances, the only evidence that implicates Defendant was the fact that he rented the vehicle, that he was nervous, and that a large quantity of marijuana was found hidden inside the "factory voids" in the vehicle. This evidence alone fails to show that Defendant had knowledge of the presence of the marijuana and control over it. As there was not sufficient evidence to support Defendant's conviction for possession of a controlled substance with intent to distribute, the judgment must be reversed, and the case remanded with instructions that the trial court enter a judgment of acquittal and order Defendant discharged.

PREWITT, J., and RAHMEYER, J., concur.