STATE of Missouri, Respondent,

v.

Anthony D. DRISKELL, Appellant.

No. WD 63742.

Missouri Court of Appeals,
Western District.

July 19, 2005.

Sarah W. Patel, Esq., Kansas City, MO, for Appellant.

Deborah Daniels, Esq., Jefferson City, MO, for Respondent.

Before BRECKENRIDGE, P.J., LOWENSTEIN and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Anthony Driskell was convicted by jury on two counts of possessing a controlled substance in violation of § 195.202, RSMo 2000. On appeal, he challenges the sufficiency of the evidence to support his convictions.

Our review is limited to a determination of whether there was sufficient evidence from which a trier of fact could have found Driskell guilty beyond a reasonable doubt. *State v. Bristol,* 98 S.W.3d 107, 111 (Mo. App.2003). We must accept as true all of the evidence and inferences favorable to the State and disregard all evidence and inferences to the contrary, giving great deference to the trier of fact. *Id.*

The State charged Driskell with possession of a controlled substance with intent to deliver (methamphetamine), § 195.211; possession of a controlled substance (marijuana), § 195.202; and possession of drug paraphernalia (syringe), § 195.233. Viewed in a light most favorable to the State, the evidence at trial established the following facts.

On the evening of May 10, 2003, Driskell was sitting in the driver's seat of a vehicle parked at a gas station in Sedalia, Missouri. His companion, Summer Newland, was outside the vehicle washing the car windows. Police officers approached Driskell pursuant to an outstanding warrant for an unrelated traffic violation. Driskell was arrested and taken into custody.

Upon checking Department of Revenue records, the officers learned Driskell co-owned the vehicle with Paula Edwards. During a search of the vehicle, the officers opened the middle console (between the driver and passenger seats) and found a plastic pouch. Inside the pouch was a cigarette package that held four plastic baggies of methamphetamine powder, one baggie containing marijuana, and a syringe. Testing later confirmed that the officers recovered 3.66 grams of methamphetamine and 3.51 grams of marijuana.

After all evidence was presented, the circuit court denied Driskell's motion for judgment of acquittal. The jury found Driskell guilty on the marijuana possession charge and on the lesser included offense of methamphetamine possession. Driskell was acquitted on the charge of possessing drug paraphernalia. The circuit court sentenced him, as a prior and persistent offender, to concurrent prison terms of five years for possession of methamphetamine and one year for possession of marijuana. The court denied Driskell's motion for judgment of acquittal notwithstanding the jury verdict.

In his sole point on appeal, Driskell contends the circuit court erred in overrul-

ing his motions for judgment of acquittal because the evidence was insufficient to prove beyond a reasonable doubt that he knowingly possessed the marijuana and methamphetamine found in his vehicle.

Section 195.202.1 provides that it is unlawful for any person to possess or have under his control a controlled substance. Unlawful possession occurs when:

[A] person, with the knowledge of the presence and nature of a substance, has actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it.

§ 195.010(32).

To convict Driskell under this statute, the State had to prove that: (1) he knew the drugs were in the vehicle; and (2) he exercised control over the drugs through actual or constructive possession. *Bristol*, 98 S.W.3d at 111. Both the knowledge and control elements may be proved by circumstantial evidence. *Id.*

The State contends Driskell had actual possession of the drugs because they were found in the console next to his driver's seat and "within his easy reach and convenient control." However, actual possession cannot be established without proof that the defendant had "knowledge of the presence and nature" of the drugs. § 195.010(32). The mere fact that Driskell was seated next to the closed console does not indicate that he was aware of the contraband hidden therein. Because the evidence was insufficient to show actual possession, the State was required to prove that Driskell constructively possessed the methamphetamine and marijuana found in his vehicle.

■■■ Constructive possession arises when additional facts buttress an inference of the defendant's knowledge of the presence of a controlled substance. *Bristol*, 98 S.W.3d at 111. Particularly in cases where there is joint access to a vehicle, the State must present evidence of "some incriminating circumstance" to establish the defendant's knowledge of and control over the drugs. *Id.* Such evidence may include statements or actions indicating consciousness of guilt, routine access to the place where the drugs were found, commingling of the drugs with the defendant's personal belonging, a large quantity of drugs, or the drugs were in plain view. *State v. Johnson*, 81 S.W.3d 212, 215 (Mo.App.2002).

■■ Driskell was the driver and an owner of the vehicle, but he did not have exclusive control of the area where the drugs were found. The vehicle's co-owner, Paula Edwards, presumably had access to console area, as well as Driskell's companion, Summer Newland, who was washing the vehicle's windows when the police arrived on the scene. Based on this shared control and access to the vehicle, further evidence was necessary to connect Driskell with the drugs. *Bristol*, 98 S.W.3d at 111.

The State contends Driskell demonstrated consciousness of guilt by making a "flippant comment" to the arresting officer and by concealing the drugs inside a cigarette package, a plastic pouch, and the console. The comment occurred when the officer told Driskell he was under arrest for possession of a controlled substance. Driskell asked, "What is a controlled substance?" The inquiry was reasonable in light of the fact that the officer did not specify the type of drugs involved in the charges. The State offers no explanation as to why the question should be considered flippant

or indicative of Driskell's guilt. Nor does the concealment of the drugs suggest his guilt, in the absence of evidence that Driskell actually hid them or knew they were inside the closed console.

The State also argues the syringe found in Driskell's car indicated his knowledge of the presence and nature of the illegal drugs. The syringe, however, was not in plain view and was recovered from the cigarette box, inside the plastic pouch, in the same closed console as the drugs. The evidence failed to establish that Driskell was aware of the syringe and, thus, did not provide an inference that he knew about the drugs.

■ The State's only remaining argument is that Driskell's routine access to the console as an owner and driver of the vehicle was sufficient to prove his knowledge of the hidden drugs. While a defendant's proximity to the contraband may be an incriminating factor under a totality of circumstances analysis, it *alone* does not prove the defendant knowingly possessed the drugs in a joint access situation. *Id.;* see also *State v. West,* 21 S.W.3d 59, 65 (Mo.App.2000). Constructive possession also cannot be inferred from the defendant's mere ownership of the vehicle when passengers or co-owners had equal access. *Johnson,* 81 S.W.3d at 216.

The State's evidence fell short of proving Driskell had knowledge of the methamphetamine and marijuana hidden in the console of his vehicle. No drugs or paraphernalia were found in plain view, and the concealed drugs were of such small quantity that they were stuffed inside a cigarette package and then tucked inside a slim package pouch, such as that used for insurance documents. None of Driskell's personal belongings were commingled with the drugs. Moreover, there was no evidence of incriminating statements or conduct, as Driskell did not appear nervous, nor make any suspicious movements or attempt to flee when the officers approached him sitting in the driver's seat. The State failed to show Driskell had any awareness the illegal drugs were hidden in his car.

The evidence was insufficient to prove beyond a reasonable doubt that Driskell had actual or constructive possession of the controlled substances in violation of Section 195.202.1. Accordingly, the circuit court erred in denying the motions for judgment of acquittal on the Count I conviction for possession of methamphetamine and the Count II conviction for possession of marijuana. The judgment of convictions is reversed.

All concur.