STATE of Missouri, Respondent,

v.

Keith L. CARNES, Appellant.

No. WD 67426.

Missouri Court of Appeals, Western District.

Oct. 2, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 2007.

Application for Transfer Denied Jan. 22, 2008.

---

[1]. Judge Lisa White Hardwick took part in oral arguments of this case but later recused herself from the case and did not participate in this decision.

Karen L. Kramer, Jefferson City, for respondent.

Ruth Sanders, Kansas City, for appellant.

RONALD R. HOLLIGER, Presiding Judge.

Keith Carnes appeals his conviction after a non-jury trial of one count of murder in the first degree punishable by life imprisonment without the possibility of parole and one count of armed criminal action in the shooting death of Larry White. His first point on appeal contends that the trial court erroneously allowed evidence of a search of his residence, far from where the crime occurred, which uncovered drug paraphernalia, money, and weapons. This, he contends, was impermissible evidence of "other bad acts." He finally contends that there was insufficient evidence to permit the judge as trier of fact to reasonably conclude that he knowingly caused the death of Larry White by shooting him or that he did so after deliberation. We affirm.

In the light most favorable to the verdict, the evidence showed that the victim was selling crack cocaine at the corner of 29th and Olive. Carnes was sitting on the balcony of an apartment across the street. Carnes sold drugs from that apartment, although he lived in a residence on East 58th Street. Carnes yelled at White that he was on Carnes's territory and could not sell drugs in this area. Apparently, some words were exchanged and Carnes produced a gun and began to chase White, shooting at him as he ran away. The chase was observed by several witnesses until Carnes caught up with White in a parking lot at 29th and Prospect. Two witnesses saw Carnes shoot the victim several times as he lay on the ground and one heard Carnes say, "Die motherfucker, you're going to die." The medical examiner testified that White suffered four gunshot wounds, including two to his back and one to the head. The head gunshot was fatal.

**The Record Does Not Show that the Trial Court Relied Upon the Evidence from the Search Even if it Was Not Admissible.**

Carnes contends that the items found in the search of his home, far from the scene of the shooting, were evidence of "other bad acts" which were not admissible under *State v. Burns,* 978 S.W.2d 759, 760 (Mo. banc 1998), as they were neither logically nor legally relevant. The State contends that the evidence was properly admitted over Carnes's objection because it tended to prove Carnes was a drug dealer, and ultimately proved his motive for shooting White. The trial court overruled the objection, admitting the evidence "for whatever it's worth."

We find it unnecessary to decide whether the evidence was admissible because there is nothing in the record to indicate that the trial judge relied upon this evidence in making his finding of guilt. The erroneous admission of evidence in a court-

tried case rarely rises to the level of prejudicial error unless the record shows that the court relied upon the erroneous evidence. *State v. Isom*, 660 S.W.2d 739, 741 (Mo.App. E.D.1983). Although Carnes contends that the trial court relied upon this evidence, he points to nothing in the record or findings that supports his claim. Conversely, there is ample evidence to show that Carnes did commit the shooting and that motive, not an element of the crime, was not necessary or particularly important to a finding of guilt. Point denied.

### There Was Sufficient Evidence of Deliberation

Our review is limited to determining whether the verdict is supported by evidence from which reasonable jurors, or in this case, the trial judge, could find the defendant guilty of first degree murder. *State v. Blewett*, 853 S.W.2d 455, 458 (Mo. App. W.D.1993). *See also State v. Johnson*, 81 S.W.3d 212, 215 (Mo.App. S.D.2002) (applying this same standard in a court-tried criminal case). In this case, Carnes claims that there is not sufficient evidence to show that he killed White after deliberation. We disagree. Carnes had to jump or climb off a balcony to chase White after warning the victim that he was intruding on his drug sale territory. He chased and shot at White for almost two tenths of a mile. Two gunshots entered White's back, consistent with a conclusion that they were sustained during the chase. The victim was found lying on his back in the parking lot. The medical examiner testified that, while awkward, the head wound could have been sustained in that position, but it was unlikely that the back wounds were. A witness heard Carnes say that he was going to kill White just before the last shot was fired. There is no merit to White's argument. Point denied.

The judgment of conviction is affirmed.

HAROLD L. LOWENSTEIN, Judge, and JAMES M. SMART, JR., Judge, concur.