**STATE of Missouri, Respondent,**

**v.**

**Samuel Lois WATSON, Appellant.**

**No. SD 29231.**

Missouri Court of Appeals,
Southern District,
Division One.

June 19, 2009.

Margaret M. Johnston, Columbia, for Appellant.

Chris Koster, Atty. Gen. and Robert J. (Jeff) Bartholomew, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

Samuel Lois Watson ("Appellant") appeals his conviction following a jury trial for one count of the Class C felony of possession of a controlled substance, a violation of section 195.202.[1] Following his conviction, Appellant was sentenced by the trial court to fourteen years in the Missouri Department of Corrections. In his sole point of trial court error, Appellant asserts the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence because there was insufficient evidence to support the jury's verdict. Specifically, Appellant maintains there was insufficient evidence to prove beyond a reasonable doubt that he "knowingly and intentionally possessed methamphetamine or that he had an awareness of the drug's presence and nature. . . ." We affirm the judgment of the trial court.

Viewing the evidence in the light most favorable to the trial court's verdict, *State v. West,* 21 S.W.3d 59, 62 (Mo.App.2000), the record reveals that at about 9:15 p.m. on the evening of February 21, 2006, Officer Shelby Howard ("Officer Howard") of the Joplin Police Department observed a blue 1992 Cadillac DeVille traveling approximately fifteen miles per hour over the speed limit. Officer Howard stopped the vehicle and when he approached the vehicle he noticed Appellant was the only occupant. When Officer Howard engaged Appellant in conversation, Appellant "acted very nervous, stuttering his words somewhat, [Officer Howard] noticed he was somewhat fidgeting with his hands in his lap." Officer Howard also observed Appellant had "some papers laying on his lap, he kept sticking his hand underneath the papers on his lap" and "[w]hile he was shuffling the papers [Officer Howard] noticed what looked like a baggie under the papers." Officer Howard then had Appellant place his hands on the steering wheel and he retrieved the baggie from Appellant's lap. According to Officer Howard, the baggie contained "a green leafy substance," which he believed to be marijuana. At that time Appellant informed Officer Howard he did not have a valid driver's license. Officer Howard then had Appellant step out of the vehicle and placed him under arrest.

After arresting Appellant, Officer Howard searched the vehicle. "In the driver's

---

1. Unless otherwise stated, all statutory references are to RSMo 2000.

floorboard" within Appellant's reach,[2] Officer Howard discovered "a small baggie with a white crystal powdery substance in it that field tested positive for methamphetamines."[3]

Officer Howard then ran the license plate on the vehicle and it came back as being registered to Anthea Harbin ("Ms. Harbin") and Larry Rainey ("Mr. Rainey"). Officer Howard testified that he had seen Appellant in the company of Ms. Harbin and Mr. Rainey in the past and that he was familiar with the Harbin name, acknowledging that members of the Harbin family had contact with law enforcement authorities in the past in relation to drugs. He also testified he had seen Appellant driving this particular vehicle on other occasions.[4]

Appellant was thereafter charged in the Second Amended Information with possession of methamphetamine and he pled not guilty to this crime. A jury trial was held on May 5, 2008. Appellant did not testify at trial and presented no evidence. At the close of all the evidence, Appellant moved for a judgment of acquittal and this motion was denied by the trial court. The jury found Appellant guilty of possession of methamphetamine and, having already been found by the trial court to be a prior and persistent drug offender, Appellant was sentenced to fourteen years in prison. This appeal followed.

■ In his sole point relied on, Appellant challenges the trial court's denial of his motion for judgment of acquittal filed at the close of all the evidence. Appellant asserts this ruling was in error in that there was insufficient evidence to support his conviction beyond a reasonable doubt because the evidence revealed "the car was owned by two other people, one of whom came from a family associated with illegal drugs; the small baggie of methamphetamine was possibly hidden under the seat; and there was no evidence presented that [Appellant] could see the methamphetamine or knew it was there."

■ "We review the denial of a motion for acquittal to determine if the State adduced sufficient evidence to make a submissible case." *State v. Davis,* 219 S.W.3d 863, 866 (Mo.App.2007). " 'Our standard of review is whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt.' " *Id.* (quoting *State v. Wright,* 998 S.W.2d 78, 81 (Mo. App.1999)). "The court must examine the elements of the crime and consider each in turn; reviewing the evidence in the light most favorable to the judgment; disregarding any contrary evidence; and granting the State all reasonable inferences from the evidence." *Id.* "We defer to the superior position of the jury to assess the credibility of witnesses and the weight and value of their testimony." *Id.*

■ Section 195.202.1 states "[e]xcept as authorized by sections 195.005 to 195.425, it is unlawful for any person to possess or have under his control a controlled substance." Section 195.010(34),

---

2. Officer Howard testified that he did not "recall specifically where in the floorboard [the baggie] was" and that "it was possible that it was found somewhat under the driver's seat of the car."

3. Laboratory testing also confirmed the substance found in the baggie was methamphetamine.

4. Officer Stephanie Horine also testified she saw Appellant driving the vehicle in question on August 8, 2007, and on at least one other occasion prior to that time.

Cum.Supp.2001, states that in relation to possessing a controlled substance,

> a person, with the knowledge of the presence and nature of a substance, has actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it. Possession may also be sole or joint. If one person alone has possession of a substance possession is sole. If two or more persons share possession of a substance, possession is joint[.]

Accordingly, to convict Appellant of possession of methamphetamine, the State must prove two elements: (1) that Appellant had conscious and intentional possession of the controlled substance, either actual or constructive, and (2) that he was aware of the presence and nature of the substance. In cases involving joint control of an automobile, as here where Appellant was not the owner of the vehicle, the State is required to show additional facts that "buttress the inference of [constructive] possession." *State v. Metcalf,* 182 S.W.3d 272, 274 (Mo.App.2006). Accordingly, the State had the burden to prove Appellant had actual or constructive possession of the methamphetamine found in the floorboard of the vehicle. "The State is not required to show actual, physical possession of the substance to establish possession, but may show constructive possession by circumstantial evidence." *State v. Powell,* 973 S.W.2d 556, 558 (Mo.App.1998).

As explained in *State v. Fields,* 181 S.W.3d 252, 255 (Mo.App.2006) (internal citations omitted),

[a] person who has exclusive control of property is deemed to have possession and control of any substance found on the property. The exclusive possession of premises rule has been modified, however, where automobiles are involved because of 'the reality of the contemporary use of the automobile as a means of social accommodation.' In the case of automobiles, the full effect of the exclusive possession rule is tempered by evidence of equal access by persons, other than the owner, to the vehicle. Thus, in cases involving joint control of an automobile, a person is deemed to have possession and control over a controlled substance found in the automobile only where sufficient additional evidence connects him to the controlled substance. Even if one is the owner or renter of a vehicle, constructive possession will not be inferred in circumstances where others have had equal access to the vehicle unless there is evidence of additional incriminating circumstances implicating the person.

Additional circumstances which will support an inference of knowledge and control include the defendant being in close proximity to the drugs seized, *State v. Mickle,* 164 S.W.3d 33, 43 (Mo.App.2005); "statements or actions indicating consciousness of guilt, routine access to the place where the drugs were found, ... or the drugs were in plain view;" *State v. Driskell,* 167 S.W.3d 267, 269 (Mo.App.2005); and "nervousness exhibited during the search of the area...." *Fields,* 181 S.W.3d at 255. Other such additional evidence includes the presence of a large quantity of contraband at the scene of the arrest; the commingling of the controlled substance with personal belongings; and inculpating conduct and statements made by the defendant. *Id.* " 'The totality of the circumstances is considered in determining whether sufficient additional incriminating

circumstances have been proved.' " *State v. Ingram,* 249 S.W.3d 892, 896 (Mo.App. 2008) (quoting *State v. Chavez,* 128 S.W.3d 569, 574 (Mo.App.2004)).

This case is not akin to *State v. Bristol,* 98 S.W.3d 107 (Mo.App.2003), as urged by Appellant.[5] In *Bristol,* the defendant, who was the driver of the vehicle, but not the owner of the vehicle, and his two passengers were pulled over by police for committing a traffic violation. *Id.* at 110. Having discovered that all three occupants of the vehicle had outstanding warrants, the three men were arrested and their vehicle was searched incident to that arrest. *Id.* "Standing outside the vehicle and using a flashlight, [the police officer] looked 'well under the driver's seat' and saw the corner of a plastic baggie wedged between the center console and the driver's seat ... a metal pipe ... under the front of the driver's seat, near the seat adjustment controls." *Id.* The officer also saw "pieces of a 'blunt cigar'—a cigar filled with marijuana—between the back seat and the back door on the driver's side of the vehicle. He testified at trial that none of these items were in 'plain view.' " *Id.* When examined by the officers, the baggie was determined to contain "five pieces of crack cocaine." *Bristol,* 98 S.W.3d at 110. The defendant was later convicted by a jury of possession of a controlled substance in violation of section 195.202. *Id.*

---

**5.** In support of his point relied on Appellant also cites this Court to the following cases for various propositions relating to possession of controlled substances: *Ingram,* 249 S.W.3d at 896 (holding there was no constructive possession where a rock of cocaine was located in the defendant's seat after he had been removed from the vehicle; there were other passengers in the vehicle; and there were no additional incriminating circumstances); *State v. Gonzalez,* 235 S.W.3d 20, 32 (Mo.App. 2007) (holding there was no constructive possession where the marijuana found by police was not in plain view; was instead hidden in the backseat underneath the carpet and in the wall panels; there were other occupants of the vehicle; and there were no other incriminating circumstances); and *State v. Bowyer,* 693 S.W.2d 845, 849–50 (Mo.App.1985) (holding there was insufficient evidence to prove constructive possession where the State merely presented proof that the defendant, who was not the owner of the vehicle nor the sole passenger in the vehicle, was driving at the time it was stopped by authorities; where a "roach clip" was found in plain view; and where the defendant's sister testified at trial that the controlled substance belonged to her husband and not the defendant). However, all of these cases involved different factual scenarios and situations involving more than one occupant in the vehicle at the time of the defendant's arrest, clearly implicating the possibilities of shared control and access to the illegal substances found in the vehicle. Likewise, Appellant cites this Court to *State v. Yarber,* 5 S.W.3d 592, 593–94 (Mo.App.1999) (holding there was insufficient evidence to prove the defendant knowingly and consciously possessed a small amount of a cocaine based substance concealed behind the bolt that secured the passenger seat of the car in which the defendant was riding), and *State v. Mercado,* 887 S.W.2d 688, 689–92 (Mo.App. 1994) (holding there was insufficient evidence to prove the defendant knowingly and consciously possessed marijuana where there was no evidence presented that the defendant, who was a passenger in the vehicle, had access to the areas behind the wall and door panels where the marijuana was found; there was no proof presented that the contraband belonged to the defendant; there was no proof he was in close proximity to the contraband; and there was no proof of other incriminating evidence). Additionally, Appellant cites this Court to *State v. Allen,* 744 S.W.2d 865, 868 (Mo.App.1988), a case where drugs were concealed in the trunk as opposed to being in plain view or near the defendant, and *State v. Brown,* 683 S.W.2d 301, 302 (Mo.App.1984), where the defendant's stepsister testified that the pills seized from the defendant, which were found in her car that the defendant was driving, belonged to her and not the defendant. The facts here are different. These cases are of no assistance to Appellant.

On appeal, the defendant challenged "the sufficiency of the evidence to support his conviction for possession" and argued "the evidence [did] not permit a reasonable inference that he had knowledge of and exercised control over the crack cocaine found in the vehicle." *Id.* at 110–11. Noting that knowledge and control are proven by circumstantial evidence, the appellate court found the defendant "was not in exclusive control of the premises as he was not the owner of the vehicle, and had been in possession of it for less than twenty-four hours. There were two other occupants of the vehicle who had access to the console area where the drugs were found." *Id.* at 111. "Consequently, the State had to present evidence of 'some incriminating circumstance' to further indicate [the defendant] had knowledge and control over the crack cocaine" and it failed to do so. *Id.* The court related that "[t]he mere fact that [the defendant] was present in the vehicle where the items were found is not sufficient to make a submissible case;" "[p]roximity to the contraband alone fails to prove ownership;" there was "no evidence that [the defendant] exhibited signs of consciousness of guilt;" he "was cooperative, and did not appear nervous or make any incriminating statements;" "[h]e made no attempt to flee;" and the officer specifically "testified the contraband was not in 'plain view.'" *Bristol*, 98 S.W.3d at 111–12. Accordingly, the reviewing court found that "[v]iewed in totality, the facts do not support an inference that [the defendant] was aware the crack cocaine was in the vehicle and that he exercised control over it. The evidence was insufficient to prove his guilt beyond a reasonable doubt." *Id.* at 112. The defendant's conviction was reversed.

In comparing *Bristol* to the present matter the following differences emerge: in *Bristol* there were several occupants of the vehicle and in this case Appellant was alone; in *Bristol* the police officer testified that the controlled substance at issue in that case was located far under the driver's seat and was definitely not in plain view while in the instant case Officer Howard testified the methamphetamine was located in the "floorboard" possibly partially under the seat; in *Bristol* the defendant did not act nervous and in this case Appellant was distinctly nervous when interacting with Officer Howard; and in *Bristol* there was evidence the vehicle had been in the defendant's possession for a short period of time. The only similarity between *Bristol* and this matter is primarily the fact that both of the subjects charged with possession were not the registered owners of the vehicle in which they were arrested.

Furthermore, the present matter does not suffer the evidentiary issues of *Bristol* in that here there was additional evidence connecting Appellant to the methamphetamine found in the floorboard of the vehicle. While we agree with Appellant's assertion in his brief that " 'proximity to the contraband, alone, even as to a substance in plain sight, [does not] tend to prove ownership or possession as among several persons who share the premises,' " in the present matter Appellant was the only occupant of the car at that time; there was evidence that he routinely utilized this particular vehicle; he had routine access to the area where the methamphetamine was found; and the methamphetamine was clearly located within easy reach of his position as the driver of the vehicle. This is not a situation where there were multiple occupants of a vehicle and the controlled substance was located in an area where any number of people could have been the owner of the drugs. *See Bristol*, 98 S.W.3d at 110–12; *Ingram*, 249 S.W.3d at 896. The methamphetamine here was found in the floorboard of the driver's side of the vehicle in a situation where Appel-

lant was the only occupant of the vehicle. *See State v. Shinn*, 921 S.W.2d 70, 73 (Mo.App.1996) (holding that "an incriminating fact" to consider was the fact that "the cocaine and [drug paraphernalia] were found under the floor mat at the defendant's feet, an area where he had superior access ..."). This is additional incriminating evidence even if Appellant was not the legal owner of the vehicle.

Additionally, at the time of its discovery by Officer Howard, the baggie of methamphetamine was at least "partially" in plain view on the floorboard of the vehicle within easy reach of Appellant and was clearly within the sphere of Appellant's control as the driver of the vehicle. This is not a situation where the illegal substance was hidden in the walls or trunk of the vehicle such that it was not readily ascertainable by Appellant. *See Gonzalez*, 235 S.W.3d at 32; *Yarber*, 5 S.W.3d at 593–94.

Additionally, we agree with Appellant that "nervousness alone is not sufficient evidence from which reasonable jurors could find [him] guilty ...," however, the case law is clear that "[v]isible nervousness is probative of [a] defendant's awareness of the controlled substance." *State v. Mishler*, 908 S.W.2d 888, 892 (Mo.App.1995); *see also State v. Villaneuva*, 147 S.W.3d 126, 131 (Mo.App.2004) (quoting *State v. Johnson*, 81 S.W.3d 212, 215 (Mo.App. 2002)) (holding that "[w]hile nervous conduct may be probative of the defendant's awareness of drugs, such conduct alone is not sufficient evidence to prove the defendant's unlawful possession. 'Nervousness is one incriminating fact that will support a conviction only if consistent with the totality of the circumstances'"). Here, in addition to his proximity and closeness to the location where the methamphetamine was discovered, Appellant was visibly nervous when he came into contact with Officer Howard. Officer Howard testified Appellant "acted very nervous, stuttering his words somewhat, [and] fidgeting with his hands in his lap." Appellant's nervousness was an additional fact which buttresses the inference that he constructively possessed the methamphetamine at issue.

Further, when Officer Howard pulled Appellant over he discovered Appellant had marijuana in his lap at the time of the traffic stop. The presence of the marijuana discovered in Appellant's lap "supports an inference that [Appellant] was familiar with drugs and further supports the inference that ..." Appellant knew of the methamphetamine in the floorboard. *State v. Camden*, 837 S.W.2d 520, 522 (Mo. App.1992); *see State v. Tilley*, 104 S.W.3d 814, 821 (Mo.App.2003). Appellant's possession of drugs other than that with which he is charged was an additional incriminating fact under the totality of the circumstances.

Deferring to the superior position of the jury in assessing the witnesses and weighing the evidence, *Davis*, 219 S.W.3d at 866, there was sufficient evidence upon which the jury could have found beyond a reasonable doubt that Appellant was in possession of the methamphetamine found in the baggie and that he knew of its nature and presence. The trial court did not err in denying Appellant's motion for judgment of acquittal. Point denied.

Accordingly, the judgment and sentence of the trial court is affirmed.

BATES, J., and SCOTT, P.J., concur.