STATE of Missouri, Respondent,

v.

Michael Allen McDANIEL, Appellant.

No. WD 69892.

Missouri Court of Appeals,
Western District.

Dec. 29, 2009.

Jayne T. Woods, for Respondent.

Kent Denzel, for Appellant.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and JAMES E. WELSH, Judge.

VICTOR C. HOWARD, Judge.

Michael McDaniel appeals the trial court's judgment upon a jury verdict finding him guilty of possessing a controlled substance. On appeal, McDaniel claims that the trial court erred in overruling his motion for judgment of acquittal at the close of all evidence and abused its discretion in permitting a witness to testify about the contents of a writing in violation of the best evidence rule. The judgment of the trial court is affirmed.

**Factual and Procedural Background**

The State charged Michael McDaniel with possessing a controlled substance in violation of section 195.202, RSMo 2000, alleging that McDaniel was in constructive possession of .81 grams of cocaine. A jury found McDaniel guilty of the charge, and the trial court sentenced him, as a prior and persistent offender, to ten years of imprisonment.

On May 18, 2007, members of the Boone County Sheriff's Department executed a search warrant at McDaniel's residence, 318 Catherine Drive. Approximately ten to twenty seconds after the officers knocked and announced their presence, a man named Robert Johnson opened the door. After entering the home, the officers discovered that McDaniel was not home and that Johnson was the only person in the residence.

Detective David Wilson was responsible for searching the east bedroom of the home. When the officers arrived, a television was turned on and a fan was running in the east bedroom. In the bedroom, Detective Wilson found McDaniel's Missouri non-driver's license and a notice to pay rent or leave the premises addressed to McDaniel at 318 Catherine Drive. Detective Wilson also found a small bag containing .81 grams of cocaine inside a shoe next to a dresser and found an empty barrel from an ink pen which had white residue on it.

The officers also recovered evidence from the kitchen, the west bedroom, and an area outside of the residence. In the kitchen, Detective Britt Shea found in a cabinet a set of digital scales that had a white, powdery residue on them. Next to the scales, he found a piece of mail that was addressed to McDaniel at 318 Catherine Drive. In the west bedroom, officers found marijuana, and a letter and other documents in the name of Johnson. Finally, in trash bags outside the home, officers found numerous plastic baggies that were missing their corners. The bags contained white residue and marijuana residue. Af-

ter the search, the officers left a copy of the warrant and an inventory list of what had been seized on the coffee table in the living room.

The next morning, several officers of the Boone County Sheriff's Department returned to 318 Catherine Drive to arrest McDaniel. When the officers found McDaniel, he was lying on the bed in the east bedroom of the residence. The officers took McDaniel into custody.

While Deputy Scott Skinner was transporting McDaniel to the Boone County jail, McDaniel made a spontaneous statement, saying that he had been across the street watching while the officers executed the search warrant the night before. He also stated that he could not understand why drugs had been found in the east bedroom because that was his bedroom. However, when McDaniel was being booked and another deputy told him that he was being charged with possession with intent to distribute, McDaniel replied, "That must have been some cocaine that I was snorting."

During the trial, Detective Shea testified about the items that were found and seized during the search. He stated that a piece of mail was found in the kitchen cabinet next to the digital scales. When Detective Shea was asked who the mail was addressed to, defense counsel objected, arguing that allowing Detective Shea to testify as to the contents of the mail when the State had not entered the mail into evidence would violate the best evidence rule. The trial court overruled the objection, and Detective Shea testified that the mail was addressed to McDaniel.

At the close of all evidence, the trial court overruled McDaniel's motion for judgment of acquittal. The jury found McDaniel guilty, and the trial court sentenced him to ten years of imprisonment. This appeal by McDaniel followed.

## Standard of Review

When a defendant challenges the sufficiency of the evidence to support a conviction, our review is limited to " 'a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt.' " *State v. Karl,* 270 S.W.3d 514, 515 (Mo.App. W.D. 2008) (quoting *State v. Chaney,* 967 S.W.2d 47, 52 (Mo. banc 1998)). We accept as true all evidence favorable to the State, including all favorable inferences drawn therefrom, and disregard all evidence and inferences to the contrary. *Id.*

"The standard of review for the admission of evidence is abuse of discretion." *State v. Freeman,* 269 S.W.3d 422, 426 (Mo. banc 2008); *see also Chevalier v. Dir. of Revenue, State of Mo.,* 928 S.W.2d 388, 392 (Mo.App. W.D.1996) (noting specifically that the trial court "is allowed broad discretion in determining whether the best evidence rule should be applied"). "[T]herefore, an exercise of this discretion will not be disturbed unless it 'is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration.' " *Freeman,* 269 S.W.3d at 426–27 (quoting *State v. Forrest,* 183 S.W.3d 218, 223 (Mo. banc 2006)).

## Discussion

■ In his first point on appeal, McDaniel contends that the trial court erred in overruling his motion for judgment of acquittal at the close of all evidence. He claims that the evidence was insufficient to establish beyond a reasonable doubt that he possessed the cocaine found in the shoe because: (1) McDaniel was not in the home when the drugs were found; (2) Johnson was in McDaniel's room with the cocaine when the officers

arrived; and (3) no other evidence sufficiently connected McDaniel with the cocaine.

McDaniel was charged with possessing cocaine, a controlled substance, in violation of section 195.202. Section 195.010(34) defines "possessed" or "possessing a controlled substance" as follows:

> [A] person, with the knowledge of the presence and nature of a substance, has actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it.

Therefore, to convict McDaniel of possessing a controlled substance, the State had to prove that: (1) he was aware of the presence and nature of the substance; and (2) he exercised control over the cocaine through actual or constructive possession. *See State v. Driskell*, 167 S.W.3d 267, 269 (Mo.App. W.D.2005). Both elements can be established by circumstantial evidence. *Id.*

▉▉ Because McDaniel was not home when the officers found the cocaine, the State sought to prove constructive possession. "Constructive possession arises when additional facts buttress an inference of the defendant's knowledge of the presence of a controlled substance." *Id.* At a minimum, the State must show that the defendant had access to and control over the premises where the substance was found. *State v. Bristol*, 98 S.W.3d 107, 111 (Mo.App. W.D.2003). "Where there is joint control of the premises, the [S]tate must present additional evidence showing the defendant had knowledge of the presence of the controlled substance and control over the illegal drugs." *State v. Smith*, 33 S.W.3d 648, 653 (Mo.App. W.D. 2000). Such additional evidence may include: "statements or actions indicating consciousness of guilt, routine access to the place where the drugs were found, commingling of the drugs with the defendant's personal belonging[s], a large quantity of drugs, or the drugs were in plain view." *Driskell*, 167 S.W.3d at 269.

The State concedes that Johnson and McDaniel had joint control of the premises but contends that it presented sufficient additional evidence to show that McDaniel knew of the presence of the cocaine and had control over it. First, the presence of McDaniel's non-driver's license and the notice to pay rent in the east bedroom indicates that the east bedroom was McDaniel's bedroom. McDaniel confirmed this when he told Deputy Skinner that he could not understand why drugs had been found in that room because it was his bedroom. Therefore, the State presented evidence that tended to show that McDaniel had routine access to the room where the drugs were found.[1]

---

1. McDaniel claims that there was no evidence that he had access to the east bedroom at the time the cocaine was present because Johnson "was apparently in ... McDaniel's room watching TV when the officers arrived." According to McDaniel's argument, because the television was on and a fan was running in his bedroom and Johnson was the only person in the home at the time, Johnson must have been in McDaniel's room when the police arrived. However, the jury was not required to infer that Johnson was in the room, especially in light of McDaniel's statement that he was just across the street when the search warrant was executed. Furthermore, McDaniel's argument ignores our standard of review, which requires this court to accept as true all evidence favorable to the State, including all favorable inferences drawn there-

Additionally, the State presented evidence of a significant incriminating statement McDaniel made while he was being booked. When McDaniel asked what he was being charged with, a deputy sheriff told him that he was being charged with possession with intent to distribute. McDaniel said, "That must have been some cocaine that I was snorting."[2] McDaniel claims that his statement was meant to be a denial of the intent to distribute charge. However, the State ultimately charged McDaniel with only possession of a controlled substance.

Based on documents found in the east bedroom and on McDaniel's admission, the State presented evidence that McDaniel was the lessee of 318 Catherine Drive and that the east bedroom was his room. Therefore, the State showed that he had access to and control over the premises where the cocaine was found. Additionally, McDaniel's statement during booking constitutes evidence from which a jury could conclude that McDaniel was aware of the presence and nature of the substance found in his bedroom. Furthermore, the statement that it must have been some cocaine that he was snorting supports an inference that, despite the fact that there was joint control over the premises, it was McDaniel who exercised control over the cocaine. Therefore, where the State presented additional evidence to show that McDaniel had routine access to the room where the drugs were found and offered evidence of McDaniel's self-incriminating statements, there was sufficient evidence from which a reasonable juror could have found McDaniel guilty beyond a reasonable doubt of possession of a controlled substance. Point one is denied.

In his second point on appeal, McDaniel contends that the trial court abused its discretion in permitting Detective Shea to testify regarding the contents of a writing when the State did not introduce the writing into evidence. McDaniel claims that the admission of Detective Shea's testimony violated the best evidence rule.

The best evidence rule embodies the law's preference for producing a writing when its contents are at issue. *State v. Hedges*, 193 S.W.3d 784, 788 (Mo.App. E.D.2006). Therefore, "in proving the terms of a writing, where the terms are material, the original writing must be produced unless it is shown to be unavailable for some reason other than the serious fault of the proponent." *Chevalier*, 928 S.W.2d at 391–92. However, if the contents of a writing "are not directly in issue, even though the evidence contained in the writing may bear upon a fundamental issue in the case, the best evidence rule does not apply and secondary evidence may be used without accounting for the original document." *Hedges*, 193 S.W.3d at 788.

The evidence McDaniel refers to is the piece of mail that officers found in a kitchen cabinet adjacent to a set of digital scales which had a white, powdery residue on them. Over McDaniel's objection based on the best evidence rule, the trial court allowed Detective Shea to testify that the envelope was addressed to Michael McDaniel at 318 Catherine Drive. As McDaniel acknowledges in his point on appeal, the State was using the contents of the envelope to show that McDaniel's belongings were near drug paraphernalia in

from, and disregard all evidence and inferences to the contrary.

**2.** In addition to the cocaine, the officers found an empty barrel from an ink pen in the east bedroom. The barrel had white residue on it, and Detective Shea testified that the item was consistent with a snort tube used to consume cocaine.

the home in an effort to strengthen its argument that McDaniel possessed the cocaine found in the bedroom. McDaniel never disputed that the mail was addressed to him at 318 Catherine Drive. Therefore, although the content of the envelope bore on the fundamental issue of whether McDaniel possessed the cocaine in the bedroom, the writing on the envelope was not directly in issue and the best evidence rule did not apply. *See id.* (holding that where the actual content of a 911 tape was never in dispute, the best evidence rule was inapplicable). The trial court did not abuse its discretion in overruling McDaniel's objection. Point two is denied.

The judgment of the trial court is affirmed.

All concur.